## HENDERSON v. MOORE

——

ERROR to the circuit court of the district of
Columbia.

On the plea of payment to an action of debt upon
a bond, for 500 dollars, dated in 1781, the defend-
ant offered evidence to prove that in the year 1797
the plaintiff acknowledged that he had received of
the money of the defendant to the amount of about
1,000 dollars, of one Willoughby Tibbs, out of the
amount of a decree which the defendant had ob-
tained against him for 3,000 dollars, and that the
money which he so received was in full of all his
claims against the defendant, the plaintiff having
paid for the defendant several sums of money. There
was no settlement made, nor any receipt given.
" Whereupon the plaintiff prayed the court to in-
struct the jury, that if from the evidence they should
be satisfied that the bond had not been fully paid
off, no declaration of the plaintiff's ' that his claims
against the defendant were all satisfied' would be a
bar to his recovery in this action; which instruction

The refusal of
the court be-
low to grant a
new trial is not
error.
Upon the plea
of payment to
an action of
debt upon a
bond condi-
tioned to pay
500 dollars, ev-
idence may be
received of the
payment of a
smaller sum
with an ac-
knowledgment
by the plaintiff
that it was in
full of all de-
mands; and
from such evi-
dence, if un-
contradicted,
the jury may
and ought to
infer payment
of the whole.

HENDERSON
v.
MOORE.

the court refused to give as prayed, but directed the jury that if they should be satisfied by the evidence, that the defendant, in the year 1797, paid the plaintiff a sum of money less than the amount mentioned in the condition of the bond, which the plaintiff at that time acknowledged to be in full satisfaction of all his claims against the defendant, such payment and such acknowledgment, are competent evidence upon the plea of payment, and that the jury may and ought to presume therefrom that the whole sum mentioned in the condition of the said bond has been paid to the plaintiff, unless such presumption be repelled by other evidence in the cause; to which refusal and instruction the plaintiff excepted."

The verdict being for the defendant, his counsel moved the court for a new trial, and grounded his motion upon sundry affidavits tending to prove that the whole amount of the bond remained due to the plaintiff, and that he was surprised by unexpected testimony at the trial. But the court refused to grant a new trial.

Two errors were assigned.

1. That the court below refused a new trial.

2. That the court ought to have given the instruction to the jury as prayed by the plaintiff; and ought not to have given the direction which they did.

MARSHALL, Ch. J. said that this court had decided at the last term, that a refusal by the court below to grant a new trial was not error.

The case being submitted upon the other point, without argument,

MARSHALL, Ch. J. delivered the opinion of the court,

That there was no error in the opinion of the court below. A part of the money due on the bond

might have been paid before; and such an acknow-ledgment, upon receipt of a sum smaller than the amount of the condition of the bond, was good evidence upon the plea of payment.

HENDERSON<br>v.<br>MOORE.

Judgment affirmed with costs.