**SMITH**
v.
**BRUSH.**

In an action of debt, on a bond, where the defendant pleaded usury, which was alleged to consist in including in the bond 183 dollars 72 cents, for forbearance of payment; and it appeared that the plaintiff was to deliver to the defendant a horse, of the value of 100 dollars, and which made part of the sum of 183 dollars and 72 cents. It was held, that the evidence of the usury, given at the trial, varied from what was alleged in the pleadings, and that any variance in the sum, alleged to be usurious, or in the consideration, stated to be given for the forbearance, was fatal to the plea, and that such evidence ought to be rejected. Whether usury or not, is a question of fact for the jury to decide.

A new trial will not be granted on the ground of newly discovered evidence, which does not relate to new facts, but goes only to corroborate the testimony given at the former trial; or which consists merely of cumulative facts or circumstances relative to the same matter, controverted at the former trial.

**SMITH** *against* **I. BRUSH** and others.

THIS was an action of debt, on a bond for the penal sum of 4,000 dollars, dated *January* 1st, 1808.

The defendants pleaded the general issue and usury, with notice.

The cause was tried at the *Dutchess* circuit in *September*, 1810, before the *Chief Justice*.

To prove the usury, *E. Brush* testified, that he was in the office of the defendant, *I. Brush*, about 9 o'clock in the evening of the 31st *January*, 1810, in bed, when the plaintiff and *I. Brush* came in and conversed together about the bond, which the witness understood to be the bond in question; and the defendant, *I. Brush*, said to the plaintiff, he need not be in a hurry for payment, as he was well paid for waiting, and produced a statement, in writing, of the different sums that composed the consideration of the bond, among which was the sum of 183 dollars and 72 cents, charged as a *premium*. It appeared, also, from the testimony, that the plaintiff was to deliver to the defendant, a horse, called the buck horse, valued at 100 dollars, and which made part of the said sum, or premium. There was various other evidence, as to the fact of usury, which it is unnecessary to detail; the objections to which, and a motion for a nonsuit, were overruled by the judge, who observed to the jury, that, it was a matter of fact for them to decide, whether any part of the consideration of the bond was usurious; that the term *premium* was well understood, &c.

The jury found a verdict for the plaintiff. A motion was made to set aside the verdict, and for a new trial;

1. Because the verdict was against evidence; 2. For the misdirection of the judge ; 3. On affidavits of new-ly discovered evidence.

NEW-YORK,
May, 1811.

SMITH
v.
BRUSH.

*Ruggles,* for the defendants.

*Tallmadge* and *E. Williams,* contra.  They cited *Cowp.* 671. 3 *Mod.* 35. 3 *Term Rep.* 351. 1 *Burrow,* .54. 10 *East,* 268.

*Per Curiam.* This is a hard defence. The defendants attempt to defeat the plaintiff. in recovering 1,816 dollars and 28 cents, confessedly due him. They have had a chance to do so. The jury have disbelieved the testimony of the witness, by whom the usury was to be proved, and it cannot be said, that there were not suspicious circumstances ; the time, the place, and the nearness of the defendants' connection with the witness, were all proper subjects of consideration, by the jury.

It appears that the evidence of the usury varied substantially from the usury pleaded, or given notice of. Neither the plea nor notice mentions that the *buck horse* formed any part of the consideration of the bond; but the usury is alleged to consist in including in the new bond, 183 dollars and 72 cents, as the consideration of giv-ing the day of payment. Now, it appears, by all the evidence, that the *horse,* which was worth about 100 dol-lars, formed part of that item. It is well settled, that a variance in the sum is fatal ; if so, it is equally fatal to vary in the consideration. Instead of usury to the amount stated in the plea and motion, there was usury only to the extent of a part of it, about 83 dollars and 72 cents. The court ought to have rejected the evidence on this principle; and as it was improperly given, it goes for nothing.

The new testimony, alleged to be discovered, does not relate to any new fact, but goes merely to corro-

borate the credit of *Brush's* testimony, by proving
that the parties met in the room, where he lay in bed,
by accident, and not by any preconcerted arrangement
with the defendant; but it is against the general rule to
grant a new trial, merely for the discovery of cumu-
lative facts and circumstances relating to the same mat-
ter, which was principally controverted upon the former
trial.    It is the duty of the parties to come prepared
upon the principal point, and new trials would be end-
less, if every additional circumstance, bearing on the
fact in litigation, was a cause for a new trial.    The
rule against a new trial, for this cause, was stated by the
court in *Steinbach* v. *Columbian Insurance Company.*
(2 *Caines*, 129.)    The motion ought, therefore, to be de-
nied.

Motion denied.