Martin, J.
delivered the opinion of the court. The appellant and defendant prays that the suit be remanded for a new trial, because the *509 judge below improperly denied him a new trial, on affidavit of new discovered evidence.
West’n. Dist’ct.
Sept. 1816.
The plaintiff resists the application, 1. because he alleges, a new trial is Within the discretion of the inferior court; and this cannot examine into the manner in which that discretion is exercised.
2. Because the discovery of new evidence is made to appear by the sole affidavit of the defendant.
3. Because the judge a quo properly exercised his discretion and no new trial ought to have been granted.
I. It is shown from a number of cases, that the supreme court of the United States holds that the denial of a new trial cannot be relieved upon a writ of error. Henderson vs. Moore, 5 Cranch, 11. Ma. In. Co. vs. Bourg, 187. U.S. vs. Evans, 280. If this was only a court of error, it might think itself bound by these authorities and deny relief. The causes of suspending judgments, after a verdict given by granting a new trial are matters, at present wholly extrinsic arising from something foreign to, dehors, the record. 3 Blackst. Comm. 24. A writ of error is brought to remedy an error apparent on, within the record. Id. A tribunal constituted to correct *510 errors in law, intrinsic errors, apparent on the record, may well reject an application to inquire into an error of fact; one dehors the record.—But this is a court of appeal, and one of its bounden duties is to remand “the cause to an inferior court, from which the appeal is made, whenever it shall appear that justice requires the same.” Act of March 26, 1813. sec. 18.
We are told that new trials being in the discretion of the court, like continuances and amendments, the superior court cannot control the inferior court in the exercise of that discretion.
The nature of the discretion of the court below, in granting and denying continuances, has been particularly examined in the case of Broussart vs. Trahan's heirs, just determined in this court, and shewn to be not an arbitrary, but a sound, legal and judicial discretion, to be guided by a fixed principle and subject to the revision and controul of the superior ocurt: that which is exercised on motions for a new trial is precisely the same.
In the case of Brooks’ sy. vs. Weyman, this court said that the (not a) refusal, to grant a new trial was no cause of appeal, and we find the ground of this decision to be, that the judgment, entered in the district court, was quasi a judg *511 ment of the superior court, from which an appeal did not, lie. 3 Martin, 17.
In Fortier vs. Declouet, id. the court refused to revise the discretion of the district court, in declining to discharge him from his bail bond; probably the inconvenience complained of was not irreparabile gravamen.
So, whatever may have been said, in the case of Labatut vs. Pueche, id. 325, the refusal of a special venire could not work an irreparable injury: for on the appeal the judgment of this court would be the same, whether the suit was tried before a special or ordinary jury.
We conclude that this court will relieve on the improper denial of a new trial, when thereby the party sustains an irreparrable injury; and this perhaps will be confined to the sole case of new discovered or rejected evidence; when this evidence does not come up with the record. In most, if not all, other cases the injury will seldom be irreparable: as relief will generally be had, on an appeal, on the merits.
II. It is true the supreme court of the state of Vermont has holden, in the case of Webber vs. Ives, that it will not grant a motion for & new trial, for the recent discovery of new and material evidence, supported by the single affi *512 davit of the party; but the motion must be accompanied by the affidavit of the witness recently discovered, 1 Tyler, 443, and we have been referred to the cases of Long vs. Weeder & al. 1 Johns. 425, Doe vs. Roe, id. 404. Dew vs. Dennison, 5 Johns. 248, Smith vs. Brush, 8 Johns. 84. From which it appears, that several affidavits, in cases similar to the present, were introduced. From hence the inference is drawn that, that of the party is not sufficient. We, however, do not deem these authorities conclusive. The case of Vermont is not parallel to this, which is that of a paper said to be discovered. Would the Court there have required the affidavit of the new discovered witnesses, if they had been at a great distance?
III. The new trial was asked on the alleged discovery of a paper, from which proof, of the payment of the debt to the plaintiff, was expected to be made. But the defendant had not pleaded payment. His only defence was (in answer to the plaintiff’s petition) that he never assumed or promised to pay the sum claimed; that he owed no part of it; that the money claimed was paid by the plaintiff as a voluntary courtesy, without any expectation of its being reimbursed; that the advance stated was not made, and the debts of the defendant alleged *513 to have been paid by the plaintiff, were never paid by him, and are still claimed from the defendant, by his original creditors; that if the defendant made any promise the plaintiff, it was obtained by fraud or made thro’ error; now, a plea of payment, had it been added, would have been inconsistent with the first part of the defence. But, as it was not made, the judge below rightly concluded that little attention was due to the allegation, on which the new trial was asked and rightfully denied it.
We are, therefore, of opinion that the motion to remand the cause ought to be overruled.
The case, being submitted to us on the merits, without any argument, we find the plaintiff’s claim fully supported, by the evidence, and the defence not maintained. It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.