JAMES FITZSIMMONS, appellant, *vs.* LYMAN CUTLER, appellee.

The office and effect of an *inuendo* explained.—Words maliciously and falsely spoken, though not actionable in themselves, may be made so by the aid of a proper introduction or colloquium; but an inuendo can never have that effect.

SLANDER.—The declaration, after the usual introduction, but without any colloquium, proceeds: "Yet the said Lyman, well knowing the premises, but contriving and maliciously intending to defame and injure the said James, and to cause him to be brought into publick scandal and disgrace, and to cause him to be esteemed and suspected to be a person guilty of the crime of perjury, heretofore (to wit.) on the tenth day of February, 1825, and at divers other times previous and since, in certain discourse which the said Lyman, at Burlington aforesaid, then and there had with divers good and worthy citizens of this state, of and concerning the said James, in the presence of those citizens, falsely and maliciously said, rehearsed, proclaimed, and loudly published these false, feigned, scandalous, malicious, and opprobrious words, of and concerning the said James, that is to say, 'he' (meaning the said James) 'has taken a false oath;' (meaning that the said James, being duly sworn before some tribunal competent to administer an oath, had sworn false to some material fact, pending before such tribunal; and that he was guilty of perjury, and he could prove it.)  'That he' (meaning the said James,) 'had taken a false oath : and that he' (meaning the said Lyman,) 'could prove it ;' (meaning, that the said James had been guilty of the crime of perjury.)  By means of the speaking and publishing of which false and scandalous words, as aforesaid, the said James is greatly and grievously injured in his aforesaid good name, &c."

To this declaration there was a special demurrer, and joinder in demurrer.

And for special causes of demurrer, the defendant set down the following :

1. The words charged in the said declaration to have been spoken by the defendant, are not in themselves actionable, and can be made so, only by reference to extrinsick matter.

2. There is no averment of any extrinsick matter, or statement that a judicial proceeding had been pending, with reference to which the words could have been spoken.

3. It is not averred, or stated, that there was a colloquium ; or that the words were spoken of and concerning a judicial proceeding.

*Bailey*, in support of the demurrer, having read the pleadings, was stopped by the Court ; who said, they would hear the plaintiff.

*Thompson*, for the plaintiff.  The rule is well settled, that where the words spoken necessarily charge a crime, inducing legal infamy, they are, of themselves, actionable.  So, he con-

*Chittenden,*
*December,*
*1825.*
Fitzsimmons
*vs.*
Cutler.

tended, it is with words, which, in common parliance, are understood to impute a crime. He cited *Beaver* vs. *Hides.* 2 *Wils.* 300.

If a colloquium be averred, in which a judicial proceeding is developed, the words are confessedly actionable: but, in the present case, they are alleged to have been falsely spoken, which negates the idea, that there ever was any judicial proceeding to which the defendant could have had reference. Yet the charge of perjury is carried home to the understandings of the bye-standers; and if the words cannot be made actionable, because they are totally false, it is clear that the malice of the accuser becomes his shield.

The opinion of the Court was delivered by

Royce, J. The words for which this action is brought are declared on as being actionable in themselves, since no special damage is laid, as having resulted to the plaintiff from their publication. If actionable, they are within that class of slanderous words, which tend to exclude a person from society, by charging him with a crime for which he would be liable to punishment. To determine whether these words, as laid in this declaration, are actionable or not, it is necessary, first, to see how far the declaration is affected by the inuendos professing to ascertain the meaning and application of the words spoken. There is a material distinction, in a declaration of this sort, between an inducement, introduction, or colloquium, and an inuendo. The office of the former is, to set forth the occasion and circumstances of the publication, and to allege all extrinsick facts which are necessary to be taken in connexion with the words spoken, in order to complete the sense; while the latter has no other use than simply to ascertain the application of previous expressions

to particular persons or things. "It means no more than the words *id est, scilicet,* or *meaning,* or *aforesaid,* as explanatory of a subject matter sufficiently expressed before: as, such an one, *meaning* the defendant, or such a subject, *meaning* the subject in question. But as an inuendo is only used as a word of explanation, it cannot extend the sense (of the words spoken by the defendant) beyond their own meaning, unless something is (previously) put upon the record for it to explain." (*Cowp.* 684.) Hence it is universally agreed, that if the words spoken are not actionable, with a mere explanation of the persons or things intended by them, they cannot be made so by an inuendo; for an inuendo is only a word of explanation, and never of addition or extension. But, by the aid of a proper introduction or colloquium, words which do not of themselves necessarily import the charge of a crime, may generally, and perhaps always, be made actionable, if really intended to convey a slanderous imputation. In this declaration there is no introductory matter, which can assist in discovering the occasion, application, or extent of the words spoken. It is not alleged that the plaintiff had been a witness in any trial, or other judicial proceeding, with reference to which, and the testimony of the plaintiff

therein, the words were spoken; or that they had relation to any such proceeding, or testimony, real or pretended. Some allusion of this sort is indeed attempted by one of the inuendos; but, as already remarked, an inuendo cannot be used for the purpose of enlarging the sense of what is previously put upon the record.

*Chittenden, December, 1825.*

*Fitzsimmons vs. Cutler.*

The question then arises, whether the words here set forth are actionable in themselves, with no other construction or explanation, than simply that they were falsely and maliciously spoken of and concerning the plaintiff? It will be assumed, that to say of another, he has sworn false, is forsworn, or has taken a false oath, are all expressions of the same import. They have all been made the subject of legal examination. And for the uncertainty whether such expressions, unaided by suitable introductory averments, are meant to have relation to any judicial proceeding, in which perjury could be committed, they have always been held not actionable.—4 *Co.* 15—6. *T. R.* 691.—2 *Johns.* 10.—8 *Johns.* 84.

Judgment, that the declaration is insufficient.

*J. C. Thompson,* attorney for plaintiff.

*B. F. Bailey,* attorney for the defendant.