IN THE

# SUPREME COURT OF JUDICATURE

OF THE

# STATE OF NEW JERSEY,

AT JUNE TERM, 1860.

---

JONATHAN N. CRAWFORD, Clerk of the Township of Clinton, *vs.* THE NEW JERSEY RAILROAD AND TRANSPORTATION COMPANY.

1 Where an action is brought to recover penalties incurred for violation of a statute, each count in the declaration must show, either in itself or by explicit reference to the averments of preceding counts, what statute has been violated, and each count must also contain an averment that the acts complained of were contrary to the form of the statute.

2. In a suit brought against a railroad company to recover several penalties incurred by them for running their locomotives in violation of the statute, the first count set forth the statutes under which the penalties were claimed, and in the other counts the statutes were only referred to in the introductory part of each count, by averring that the defendants, not regarding the said statutes, nor fearing the penalties therein contained, at certain times did run their locomotive engines across certain highways without stopping, and without causing the bell on the engine to be rung, or the whistle to be blown, whereby an action hath accrued, &c.—*held*, that all the counts, except the first one were insufficient.

3. Where an action is brought for penalties, the manner in which they were incurred must be explicitly stated.

4. The 23d section of the act to facilitate practice and pleadings relates to matters of form, and only authorizes amendments in cases which were previously the subject of examination by means of a special demurrer.

5. The granting or refusal of a motion to amend pleadings in a matter of substance rests in the sound discretion of the court of original jurisdiction, and is not assignable for error.

Error to Essex Circuit.

Argued at February term, 1860, before Justices HAINES and VAN DYKE.

*Whitehead* and *McDonald*, for plaintiff.

*Frelinghuysen* and *Bradley*, for defendants.

HAINES, J. The plaintiff brought his action to recover thirty-seven penalties, alleged to have been incurred by so many violations of the act to prevent accidents from the use of locomotive engines on railroads, and the supplement thereto.

Upon demurrer, filed by the defendants, the first count was sustained, and judgment rendered thereupon against the defendants, with leave to plead anew.

As to the other counts, the demurrer was sustained, and those counts adjudged to be defective in substance, and a motion to amend the same was denied.

To review the judgment of the court below on the last thirty-six counts, the writ of error is brought.

These counts were held to be defective for want of averment that the alleged offences were committed against the form of any statute. The first count sets forth certain statutes. In these thirty-six, the only reference to the statutes is in the introductory part of each count, in which it is averred that the defendants, not regarding the said statutes, nor fearing the penalties therein contained, at certain times, did run one of their locomotive engines on their railway across a certain highway, therein de-

scribed, without stopping and without causing the bell on the engine to be rung or the steam whistle to be blown, &c., whereby an action hath accrued, &c.

That each count must show, either directly or by explicit reference to the averments of a preceding count, the statute under which the penalty is claimed, and aver that the act complained of was contrary to the form of that statute, is not at this day to be questioned, nor, indeed, do the counsel of the plaintiff deny it; but they insist, that the title of the statutes having been set out in the first count, the reference to them in the introductory part of the other counts is sufficient.

It is said that the reference to that is equivalent to the formal averment of " *contra formam statuti.*"

The action is for penalties, and the manner in which they were incurred must be explicitly stated.

In the statement, that the defendants not regarding the said statutes, nor fearing their penalty, committed the act, it is obvious that allusion is made to the statutes mentioned in the first count, but there is a failure to aver that the act was done in violation of them.

It is not enough that the defendants may have a hint of the statutes under which they are sued, nor that they be put upon inquiry in relation to them ; they are entitled to a distinct and clear statement of the statutes which they are charged to have violated, and to be directly informed that it is for the violation of those statutes that the penalties are claimed.

Such was the conclusion of the court below, and in that conclusion I can see no error.

It is further objected that the plaintiff should have been allowed to amend his declaration in the particulars named, and this is assigned for error.

If the granting or refusing of a motion to amend is a matter of discretion, as it clearly was before the passage of the act to facilitate pleadings (*Nixon* 635), it is not assign-

able for error.　2 *Arch. Prac.* 230; *McCoury* v. *Suydam,* 5 *Halst.* 248.

In this case the Court of Common Pleas had refused to continue a cause, although there was an irregularity in the service of notice of trial, and this court held that it was not a ground of reversal on a writ or error, and recognised the doctrine as expressed in the case of *Wright* v. *Lessee of Hollingsworth,* 1 *Peters' U. S. R.* 168, where it is declared thus:

"The allowance or refusal of amendments in the pleadings, the granting or refusal of new trials, and, indeed, most other incidental orders made in the progress of a cause before trial, are matters so peculiarly addressed to the sound discretion of the courts of original jurisdiction as to be fit for their decision only under their rules and modes of practice. This, it is true, may occasionally lead to particular hardships; but on the other hand, the general inconvenience of this court attempting to revise and correct all intermediate proceedings in suits between their commencement and final judgment would be intolerable. This court has always declined interfering in such cases. Accordingly it was held, in *Wood* v. *Young,* 4 *Cranch* 237, that the refusal of a court below to continue a cause after it is at issue, is not a matter in which error can be assigned; that the refusal of the court below to grant a new trial is not a matter for which a writ of error lies; 5 *Cranch* 11; *Ib.* 187; and 10 *Wheaton* 220; and that the refusal of a court to allow a plea to be amended or a new plea filed, or to grant a new trial, or to continue a cause, cannot be assigned as a cause of reversal or a writ of error."

In the exercise of such a discretion, the court, in *Evans qui tam* v. *Stephens,* 4 *T. R.* 459, and in *Holland qui tam* v. *Bothmar, Ib.* 228, refused to leave to amend the declaration. In *Saxby* v. *Hirkers, Sayer* 117, an action against bail, and in *Noble* v. *King et al.,* 1 *Henry Bl.* 37, a hard action, brought against executors in their own right, who ap-

peared to have acted only in the disposition of their testator's estate, a like motion was denied.

On the same principle, to a defendant, after the plaintiff has lost a trial, a motion to amend was refused. *Hawk.* 171.

But it is insisted that amendment is now a matter of right ; that the 23d section of the act to facilitate pleadings is imperative, and requires a rule to amend in every case in which the party may ask it.

That section provides that no pleading shall be deemed insufficient for any defect which could theretofore have been objected to only by special demurrer ; and when issue is formed on any demurrer the court shall give judgment according to the very right of the cause and matter in law shall appear, without regarding any imperfection, omission, defect in, or lack of form, and that no judgment shall be arrested, stayed, or reversed for any such imperfection, omission, defect, or lack of form.

This section clearly relates to mere matters of form, such as were before the subject of examination through the means of a special demurrer only. It was designed to dispense with special demurrers, and with that view it quotes the very language used in the 12th section of the act respecting amendments and jeofails (*Nix.* 9) which relates to special demurrers.

The 23d section of the act to facilitate pleadings provides that no advantage shall be taken of such defects, whether specially set down for cause of demurrer or not ; and the concluding paragraph of the section confirms this view, by declaring that no judgment shall be arrested, stayed, or reversed for such imperfection.

It will not be insisted that a judgment may not now be arrested, stayed, or reversed for defect in substance in like manner as it would have been before the passage of that act. Yet, if that 23d section relate to matters of substance, there can be no arrest of judgment or reversal for any defect in the record whatsoever.

The defects in the counts under consideration are in matters of substance, nay of vitality to the declaration. Without the averments required, no offence is set out, no penalty incurred, no cause of action disclosed. It is such as, after verdict, would be a good ground for motion in arrest of judgment.

If this view of this case is correct, the refusal to allow an amendment was proper and lawful, and if it was not, it is no ground of error, and cannot be reviewed here.

Let the judgment be affirmed, with costs.

VAN DYKE, J., concurred.

CITED *in Brunch* v. *Carter*, 3 *Vr.* 557; *Murphy* v. *Montclair*, 10 *Vr.* 675.