COLEMAN and others *v.* BELL and others.

*(Supreme Court of New Mexico. January 8, 1887.)*

1. EJECTMENT—IMPROVEMENTS—FAILURE TO ASK FINDING ON VALUE OF LAND WITHOUT.
   Where, in an action of ejectment, which was tried by agreement without a jury, the defendant obtained judgment for improvements upon the lands, and the plaintiff did not, by pleadings or by motion for new trial, ask the court to find the value of the lands without improvements, the supreme court of New Mexico will not, for the failure of the judge to find upon such point, reverse the judgment.[1]

2. NEW TRIAL—MOTION—DISCRETION OF COURT—BILL OF EXCEPTIONS.
   A motion for a new trial in the federal courts is addressed to the discretion of the court, and the decision of the court, in granting or refusing it, alone is not the proper subject of a bill of exceptions.

Error to the district court, San Miguel county.

Ejectment. Trial without a jury. Judgment that plaintiffs obtain possession of the lands on payment of the sum of $500 to the defendants for improvements made by them. Plaintiffs bring error.

*Wm. Breeden* and *Louis Sulzbacher,* for plaintiffs in error. *Lee & Fort,* for defendants in error.

HENDERSON, J. This was a suit in ejectment, brought by plaintiffs in error, to recover possession and right of his wife, Fannie Coleman, of a certain lot of land in Las Vegas, against defendant in error. It was commenced at the March term, 1884. Defendants appeared, and entered their plea of not guilty. By stipulation of the parties in writing a jury was waived, and a trial had before the court. The trial began at the March term, 1884, but was not completed until the March term, 1885. The defendants obtained leave to file notice of their claim of permanent improvements, and to have same assessed by the jury. The claim and notice were filed in proper time, to which the plaintiffs replied, and filed notice that they would claim rents and profits of the premises while held by defendant. The stipulation filed by which a jury was waived is in the words following, to-wit: "It is hereby stipulated and agreed, between the plaintiffs and defendants to the above-entitled cause, that the said cause shall be tried before the court, without the intervention of a jury, and that a jury is hereby waived, and that the court make special findings as to the law and facts on all material questions that may be reviewed, and that either party shall have the right to take said cause to the supreme court of this territory, and have the same reviewed, the same as if it had been tried by a jury, and, especially, the said supreme court may review the special findings of the court as to the law and facts, if asked for by either party." This agreement was signed by counsel of the respective parties. The defendants obtained leave therefor, and filed an additional plea, setting forth more fully than in the notice his possession under a deed conveying the title to him, and that he had "made divers valuable improvements upon the said premises, to-wit, of the value of one thousand dollars," and prayed to have the value of his said improvements assessed in this form as of the date of the judgment to be given against him for the possession thereof, in case such judgment shall be given, and that the value of such improvements be adjudged a lien upon the land.

The findings of the court, as they appear upon the record, are as follows: "That said plaintiffs are entitled to the possession of the premises described in the declaration; that the amount of mesne profits accrued to said defendants for the said premises is three hundred dollars; and that the value of the permanent improvements made upon said premises by said defendant is eight hundred dollars; and that defendant shall recover of said plaintiff the sum of five hundred dollars, the difference of the value of the improvements and the mesne profits; and thereupon the said plaintiff gave notice of a motion for a new trial and an arrest of judgment."

[1] See note at end of case.

A motion for a new trial was made and overruled. Plaintiff then moved an arrest of judgment in these words: "And now come the plaintiffs, by their attorney, and move the court to arrest the judgment in said cause upon the finding in favor of said defendants, for the value of the alleged improvements upon the premises in question, because the said second plea is unauthorized by law, and no judgment in favor of said defendants in said plea can be lawfully entered. And for other errors apparent upon the record in said cause."

This motion was also overruled. Then follows a judgment in favor of the plaintiff for possession of the premises in suit, and $500 for the defendant on account of permanent improvements. The plaintiffs under this judgment were required to pay the $500 adjudged to defendants before the writ of possession should issue. An appeal was prayed and granted. An appeal-bond was filed in the sum of $1,000; and that portion of the judgment in favor of defendants was superseded, and execution stayed. The writ of possession was, however, thereupon ordered to issue forthwith.

The following errors are assigned: (1) The court erred in rendering a judgment upon the verdict or findings by the court which did not show the value of the land in controversy, in its natural state, without improvements. (2) The court erred in refusing and overruling plaintiffs' motion for a new trial. (3) Other errors and erroneous rulings appear on the face of the record.

The question presented by the first assignment of error was not made in the court below. There was nothing in the pleadings to call for an inquiry into the value of the land, in its natural state, without improvements. The plaintiff in error did not, by his motion for a new trial, or otherwise, present the question for the determination of the court below, either in its findings, or in considering the errors complained of in the motion for a new trial. It is well settled, both in this territory and elsewhere, that the appellate court will not consider alleged errors to which the attention of the court below was not called. The party alleging errors "must call the attention of the trial court by seasonable objections to the proceeding or error complained of, and, upon an adverse decision, except to the action of the court at the time." *Williams* v. *Thomas*, 9 Pac. Rep. 356; same case, 3 N. M. 324; Comp. Laws, § 2188.

The supreme court of the United States, in the case of *Wood* v. *Weimar*, 104 U. S. 786, said: "The rule is universal that nothing which occurred in the progress of the trial can be assigned for error here, unless it was brought to the attention of the court below, and passed upon directly or indirectly."

The court below did not, directly or indirectly, pass upon the question of the value of the land without the improvements. The plaintiff in error did not complain of or object to the finding of the court on that account. If our statute is to be construed as a somewhat similar one in Virginia has been, it would devolve the duty upon the plaintiff to present an issue upon which proof of the value of the land, without the improvements, could be ascertained. The statute, it is true, is not explicit. It does not in terms make it the duty of the plaintiff to raise the issue as in Virginia; still, as the provision is obviously for the benefit of the plaintiff, to enable him to elect whether he will accept the value of the land without the improvements, rather than to pay for the improvements, the duty is upon him to have such issue raised and decided. He did not do so. *Goodwyn* v. *Myers*, 16 Grat. 336.

We find no exceptions in the record taken to the action of the court below in overruling the motion for a new trial. There was no bill of exceptions. A motion for a new trial in the federal courts is a motion addressed to the discretion of the court, and the decision of the court, in granting or refusing it, alone is not the proper subject of a bill of exceptions. *Henderson* v. *Moore*, 5 Cranch, 11; *McLanahan* v. *Universal Ins. Co.*, 1 Pet. 183; *U. S.* v. *Buford*, 3 Pet. 32; *Barr* v. *Gratz*, 4 Wheat. 213; *Brown* v. *Clarke*, 4 How. 4.

The universal rule of practice is that matters resting entirely in discretion

are not re-examinable in the court of errors. *Pomeroy* v. *Bank of Indiana,* 1 Wall. 592; *Rosenthal* v. *Chisum*, 1 N. M. 633; *Springer* v. *U. S.*, 102 U. S. 586.

Finding no error in the record, the judgment of the court below is affirmed, with costs.

I concur: BRINKER, J.

LONG, C. J. I concur in the conclusion reached. There is no evidence in the record, and therefore nothing to show the error complained of and pointed out in the appellants' brief. I do not think it necessary to construe the statute referred to in the close of the opinion, and do not express any opinion as to the practice thereon.

## NOTE.

APPEAL—OBJECTIONS NOT RAISED BELOW. "The universal rule in chancery practice is that, if no objections are made to the evidence before the master or examiner or the court below during the progress of the cause, the party complaining cannot raise objections in the appellate court." Williams v. Thomas, (N. M.) 9 Pac. Rep. 356. "The general rule that only such assignments of error can be presented to the appellate court as were brought to the attention of the trial judge, so as to permit of their correction by him, is strengthened in this territory by the statutory provision that 'no exception shall be taken in an appeal to any proceeding in the district court except such as shall have been expressly decided in that court.'" Crabtree v. Segrist, (N. M.) 6 Pac. Rep. 202. See, also, Waldo v. Beckwith, 1 N. M. 97; Jaremillo v. Romero, 1 N. M. 190; Laguna v. Acoma, 1 N. M. 220; Garcia v. Territory, 1 N. M. 415; Vasquez v. Spiegelberg, 1 N. M. 464; Wheelock v. McGee, 1 N. M. 573; Territory v. Perea, 1 N. M. 627; Territory v. Yarberry, 2 N. M. 391; Improvement Co. v. Stapleton, (N. M.) 12 Pac. Rep. 621.