PENNSYLVANIA RAILROAD COMPANY *v.* MINDS, SURVIVING AND LIQUIDATING PARTNER OF MINDS ET AL., LATELY TRADING AS BULAH COAL COMPANY.

PENNSYLVANIA RAILROAD COMPANY *v.* MINDS ET AL., TRADING AS BULAH COAL COMPANY.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

Nos. 293, 294. Argued April 23, 1919.—Decided June 9, 1919.

In actions upon two closely related reparation orders, *held* that a mistake in the declarations transposing the awards, first discovered by the District Court near the close of the trial, was subject to correction by amendment in that court's discretion. P. 370.

Where a railroad company, guilty of unlawful discrimination in car distribution, for years contested the claims of the injured shippers,

and offered no payment of awards for damages and interest made by
the Interstate Commerce Commission, it is not erroneous in actions
upon the awards to permit the jury to allow interest in its verdicts,
even though the shippers' claims were excessive.  P. 370.

In actions on reparation orders, *held* that the District Court did not
abuse its discretion in fixing counsel fees, or commit error in its
charge as to the cost of producing coal, as an element in the damages.
P. 371.

In such an action, where there was expert evidence tending to prove
(as in *Pennsylvania R. R. Co.* v. *Jacoby & Co.*, 242 U. S. 89), that the
Commission's award was based upon tables of car distribution which
if followed in practice would have given the complaining shippers
the illegal preference of which they complained, *held* that the rail-
road was entitled to an instruction that the award should be dis-
regarded if the Commission followed such tables; and that refusal
of its request for such instruction would be substantial error not-
withstanding there was other evidence as to the damages and the
verdict was much less than the award.  *Id.*

Where it is obvious from remarks of the trial judge at the close of his
charge that he has inadvertently overlooked one of several requests
to charge and opportunity is expressly given to suggest the omission,
failure to avail of the opportunity waives the error in not granting
the request; a general exception to refusals to charge as requested
will not suffice.  P. 373.

244 Fed. Rep. 53, affirmed.

THE cases are sta  . in the opinion.

*Mr. Francis I. Gowen* and *Mr. Frederic D. McKenney*,
with whom *Mr. Henry Wolf Biklé* was on the brief, for
plaintiff in error.

*Mr. James A. Gleason*, with whom *Mr. George M. Roads*,
*Mr. H. W. Moore* and *Mr. John H. Minds* were on the
brief, for defendants in error.

MR. JUSTICE DAY delivered the opinion of the court.

These cases were tried together in the courts below and
may be considered and disposed of in like manner here.

They were brought upon reparation orders made by the
Interstate Commerce Commission based upon alleged
discrimination against the plaintiffs in car distribution.
Two periods were in controversy. In No. 293 from July
1, 1902, to October 1, 1904; in No. 294 from October 1,
1904, to June 30, 1907. Verdicts and judgments were re-
covered in both cases against the Company. The judg-
ments were affirmed in the Circuit Court of Appeals.
244 Fed. Rep. 53.

During the first period James H. Minds and William
J. Matz, trading as Bulah Coal Company, operated the
mine alleged to have been subjected to unlawful discrim-
ination. During the second period a partnership, com-
posed of Minds and the widow of Matz, trading under the
same name, operated the mine. Two proceedings for
reparation were brought before the Interstate Commerce
Commission. In the first an order of reparation in the
sum of $18,591.48 was awarded, with interest thereon at
the rate of 6% per annum from June 28, 1907. For the
second period an award was made in the sum of $31,715.57
with 6% interest from the same date. The verdicts of
the jury were, for the first period, $16,092.92, for the
second period $33,618.37.

(1) The plaintiff in error complains of the allowance
of an amendment correcting a mistake in the declarations
transposing the awards. The mistake was first noticed
by the court near the close of the trial. This amendment
was so obviously just and within the court's discretion
that we need only say that we think no error was com-
mitted in allowing it.

(2) It is insisted that the court erred in allowing the
jury to add interest not exceeding 6% on the damages
found; this upon the theory that the recoveries were below
the amounts claimed before the Commission which were
so large as to be wholly unfair. But the defendants in
error were entitled to full compensation for the damages

sustained as the result of the wrongful discrimination against them. (§ 8 of the Act to Regulate Commerce.) The Commission allowed interest as part of its award, and the District Court charged the jury that it might do so in making up its verdicts. We see no error in this. For years these claims have been contested, the Company never offered any payment of the awards, and unless interest is to be allowed there seems to be no means of making the claimants whole for the wrongs sustained by violations of the statute.

(3) It is contended that the court erred in fixing counsel fees, as only those are allowable which compensate for court services. *Meeker* v. *Lehigh Valley R. R. Co.*, 236 U. S. 412. But we are not prepared to say that the court abused its discretion in fixing the fees. There is nothing to warrant our interference with the judgments in this respect.

(4) Error is alleged in the charge as to the cost of producing the coal which entered into the computation of damages. Upon this point there was a conflict in the testimony, and an examination of the charge satisfies us that the question was fully and fairly left to the jury.

(5) We come to the final and most serious complaint of error in the proceedings. As to the first period there was no contest over the amount of tonnage which the plaintiffs could have shipped had the cars been fairly distributed during that period. As to the second period, the contention is that there was testimony tending to show that the Commission awarded reparation under a rule which violated its own final determination of the correct rule, in the same manner as was shown in *Pennsylvania R. R. Co.* v. *Jacoby & Co.*, 242 U. S. 89, resulting in the reversal of the judgment in that case. There is no showing that the court gave a wrong rule in this respect in its charge to the jury. But here as in the *Jacoby Case*, the Company called an expert witness who testified that the

tables in a blue-print, put in evidence by the complainants before the Commission, were made upon a basis of car distribution, which, if applied to complainants, would result, as pointed out in the *Jacoby Case*, in giving to them the wrongful preference which had been awarded to favored companies. The witness testified that a computation showed that the Commission, in making its award, had followed this erroneous table and had used its percentages as the basis of its award. The record discloses that the Company asked eighteen special points to be given in charge to the jury; in two of which it requested charges which were based on this witness' testimony as to the inaccuracy of the tables, asking the court in substance to say to the jury that, if the Commission used such tables in making its computation, the awards were on a wrong basis and should be disregarded.

The Circuit Court of Appeals answered this contention by distinguishing the *Jacoby Case*—in that the recovery in that case was based wholly upon the award of the Commission and in precisely the same amount, whereas, in this case there was other testimony as to the damages, and the jury awarded a recovery in a sum much less than the amount fixed by the Commission. If these were all the grounds of distinction between this and the *Jacoby Case* we should be constrained to hold that the failure to give the Company's special requests, based on the expert's testimony, was substantial error, requiring a reversal, but at the close of his charge the judge said:

"I think I have gone over the subject matter of all the different points submitted to me. So far as they are affirmed in the general charge, they are affirmed; and so far as not affirmed in the general charge, they are disaffirmed, and counsel if they choose may call my attention to any specific point which they would like to have specifically answered."

The court in its charge had not adverted to the effect

to be given to the testimony of the defendant's expert. The observations, just referred to, called upon counsel to direct the court's attention to points omitted. The plaintiffs' counsel called the court's attention to some things. Counsel for the Company said:

"In the first period we do not dispute the lost tonnage, only the cost. In the second period we dispute the correctness both of plaintiffs' cost figures and also the tonnage. We ask that the court so charge."

The Court responded: "Now, gentlemen, I want to make that clear. In the first period there is no question of the tonnage raised. The defendant concedes the amount of the tonnage, and the difference is all over the cost. So you need not trouble yourselves there with any other question than the cost question. In the second period the claim is questioned in two respects, the cost, just as it is in the first period, and the tonnage is also questioned. So of course you cannot determine the amount of damage until you have settled both of those questions.

"I understand that the parties have agreed that their respective statements of their positions may be sent out in order to save the jury the labor of making calculations? Is that correct?"

Counsel for the plaintiffs and for the Company each answered, "Yes, sir."

The Court: "So, gentlemen, you will have the benefit of the figuring of the parties on each side, which will present their respective views. You will take the case and dispose of it. . . .

"Counsel for the defendant excepted to the refusal of the learned trial judge to charge as requested by them in such points as were not affirmed. (Exception noted for defendant by direction of the court.)"

We have then this situation: After a charge, dealing with the general questions in the case, with numerous

special requests to charge "points," as they are called, the presiding judge expressed the view that he thought he had gone over the subjects embraced in the requests submitted. That he had omitted some is not surprising, for the court was dealing with an exceedingly difficult and complicated situation of car distribution, concerning which the Interstate Commerce Commission, the body primarily entrusted with the determination of such matters, had long deliberated before announcing the rule upon which it finally acted and made its award in the series of cases of which those now before us are a part. Upon the invitation of the trial judge the Company's counsel made the request which we have quoted, and the judge at once complied with it, and charged, as counsel desired, upon that particular subject, adding that he understood that the parties had agreed that the respective statements of their positions might go to the jury to save it the labor of making calculations. In this way the parties got before the jury the calculations showing their respective claims. This may have been and probably was the reason for the failure of counsel to call attention to the omission to answer the particular points requested concerning the effect to be given to the testimony of the defendant's witness, if credited by the jury. Apparently counsel were satisfied when the jury had before it the table showing the basis of their claims in the case. But, whatever the reason, the court after a careful and painstaking charge, thinking he had answered the "points" of both sides, called upon counsel to suggest omissions as to particular points; then followed the proceedings already recited. We think counsel should have directed attention to the omission which it is evident was inadvertent. The case, in this aspect, is entirely unlike the *Jacoby Case*, where a specific request was made and refused, and a recovery had upon an award of the Commission which the testimony tended to show was made upon a wrong basis:

This court has repeatedly held that objections to the charge of a trial judge must be specifically made in order that he may be given an opportunity to correct errors and omissions himself before the same are made the basis of error proceedings; this is the only course fair to the court and the parties. *McDermott* v. *Severe*, 202 U. S. 600, 610; *Norfolk & Western Ry. Co.* v. *Earnest*, 229 U. S. 114, 120; *United States* v. *U. S. Fidelity Co.*, 236 U. S. 512, 529; *Jacobs* v. *Southern Ry. Co.*, 241 U. S. 229, 236; *Guerini Stone Co.* v. *Carlin Construction Co.*, 248 U. S. 334, 338. Parties may not rest content with the procedure of a trial, saving general exceptions to be made the basis of error proceedings, when they might have had all they were entitled to by the action of the trial court had its attention been seasonably called to the matter.

The trial court and the Court of Appeals have refused to disturb the amounts awarded by the jury as compensation for the clear violation of the Interstate Commerce Act, which these records disclose, and which were very much less than the sums awarded by the Commission when the allowance of interest is considered which under the court's instructions entered into the verdicts. We think the only serious ground upon which reversal may be asked is found in the failure to give the points, to which we have referred, and as to them, we are of the opinion that such failure was waived by the course of proceeding to which attention has been directed.

*Affirmed.*