## DETROIT TAXICAB & TRANSFER CO. v. PRATT.

(Circuit Court of Appeals, Sixth Circuit. November 14, 1924.)

No. 4036.

1. **Appeal and error ⟨⇒263(1) — Errors in charge, to which no exceptions had been taken, not considered.**

The Circuit Court of Appeals will not consider alleged error in the charge, to which no exceptions had been taken.

2. **Appeal and error ⟨⇒995—Circuit Court of Appeals cannot weigh evidence.**

The Circuit Court of Appeals, on writ of error, has no authority to weigh the evidence.

3. **Appeal and error ⟨⇒979(5), 1004(1)—Circuit Court of Appeals cannot determine whether verdict is excessive.**

The Circuit Court of Appeals, on writ of error, cannot determine whether verdict is excessive, but merely whether District Court abused its discretion in granting or refusing a motion for a new trial on the ground that verdict is excessive.

4. **Damages ⟨⇒132(14) — $35,000 verdict for injuries to six year old boy tending to cause total blindness, held not excessive.**

In action for injuries to six year old boy, in which the evidence tended to prove that the boy, as result thereof, would ultimately become totally blind, denial of defendant's motion for new trial, on ground that $35,000 verdict was excessive, *held* not abuse of discretion.

5. **Damages ⟨⇒95—Injured person entitled to damages for future effect of injury.**

A person injured by the negligence of another is entitled to an award for the future effect of his injury, the amount thereof to be estimated by the jury and included in its verdict.

6. **Damages ⟨⇒186 — Evidence that injuries would result in total blindness held to warrant allowance of damages for future effect of injuries.**

In action for injuries to six year old boy, evidence that injuries would ultimately result in total blindness *held* to warrant allowance of damages for future effect of injury, notwithstanding absence of opinion evidence as to amount of loss of future earnings.

In Error to the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Action by William Pratt, as guardian of Ernest Pratt, a minor, against the Detroit Taxicab & Transfer Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Wm. E. Tarsney, of Detroit, Mich., for plaintiff in error.

Harry C. Milligan, of Detroit, Mich., for defendant in error.

Before DENISON, DONAHUE, and KNAPPEN, Circuit Judges.

DONAHUE, Circuit Judge. The defendant in error, William Pratt, as guardian of Ernest Pratt, a minor, brought action to recover damages from the Detroit Taxicab &

Transfer Company, for personal injuries sustained by Ernest Pratt on the 20th day of February, 1918. alleged to have been caused by the negligence of the Taxicab Company in the operation of one of its vehicles in the city of Detroit, Mich. At the time Ernest Pratt sustained the injuries complained of, he was six years of age. The jury returned a verdict in favor of plaintiff for $35,000. A motion for new trial was overruled, and judgment entered on the verdict.

No exceptions were taken to the admission of evidence or the charge of the court, nor is it now claimed that the evidence offered by the plaintiff does not sustain the averments of negligence.

It is insisted, however, that the court erred in overruling the motion of plaintiff in error to reduce the verdict or grant a new trial, for the reason, first, that there was no testimony supporting such verdict, in so far as it includes loss of earning power, and that in this respect the court erred in its charge to the jury that it might, as an element of damages, return a sum of money to compensate plaintiff for loss of earnings; second, that the verdict is excessive.

[1] This court will not consider alleged errors in the charge to which no exceptions have been taken. Pennsylvania Ry. Co. v. Minds, 250 U. S. 368, 375, 39 S. Ct. 531, 63 L. Ed. 1039, and cases there cited.

[2, 3] This court has no authority to weigh the evidence, and for that reason it is not within its province to determine whether or not the verdict is excessive. That is a question for the trial court upon motion for a new trial, the granting or refusal of which is not assignable as error, unless it appears that the trial court, in overruling such a motion, was guilty of an abuse of discretion. Ætna Ins. Co. v. Ward, 140 U. S. 76, 11 S. Ct. 720, 35 L. Ed. 371; New York, L. E. & W. R. Co. v. Winter, 143 U. S. 60, 75, 12 S. Ct. 356, 36 L. Ed. 71; C. & O. Ry. Co. v. Proffitt, 218 F. 23, 28, 134 C. C. A. 37.

[4] It is clear from the record in this case that the trial court did not abuse its discretion in overruling this motion for a new trial, or in refusing to reduce the verdict.

Evidence was offered on the part of the plaintiff tending to prove that the injuries to this boy were of such a serious nature that they will ultimately result in total blindness. It is claimed, however, on the part of the plaintiff in error, that no evidence was offered tending to prove the amount of loss of earnings which plaintiff's

ward otherwise would have received by reason of his earning ability after reaching the age of 21 years, and which he could be prevented from earning by reason of the injuries in question.

[5] A person injured by the negligence of another is entitled to an award for the future effect of his injury, the amount thereof to be estimated by the jury and included in its verdict. Washington & Georgetown Ry. v. Harmon's Adm'r, 147 U. S. 571, 584, 13 S. Ct. 557, 37 L. Ed. 284.

[6] In estimating the loss of earnings that plaintiff's ward would sustain by reason of total blindness from and after he arrived at the age of 21 years, for and during his expectancy of life, the jurors would not be materially aided by opinion evidence, even if it were possible for any one to qualify as an expert on that subject. Any estimate thereof would be a mere matter of opinion, and no better than the judgment of the jurors who were fully advised of all the facts and circumstances upon which expert opinion evidence, if available, could be predicated. This matter is one that comes under the equal observation of men and women in the ordinary walks of life. It is the common observation of men that one who is totally blind is largely incapacitated from performing physical labor, and that many of the arts and sciences are practically closed to him. This jury was fully advised, by the evidence, of all facts upon which any one could base an opinion as to this item of damages, and for that reason it cannot be said that the verdict is not sustained by any evidence, merely because no witness was called to express an opinion as to the loss in dollars and cents that the plaintiff's ward would sustain by reason of the impairment of his earning capacity as a result of his injuries. Washington & Georgetown Ry. Co. v. Harmon's Adm'r, supra; Trust Co. v. Quirk (C. C. A.) 284 F. 411; L. & N. R. Co. v. Burns, 242 F. 411, 416, 155 C. C. A. 187.

For the reasons stated, the judgment of the District Court is affirmed.