## VAN DAM v. UNITED STATES.

Circuit Court of Appeals, Sixth Circuit. January 6, 1928.

No. 4988.

**1. Indictment and information ⬅86(2)—Indictment charging conspiracy to transport, possess, and sell liquor in certain county "and divers other places" held not too broad.**

Indictment for conspiracy to violate the National Prohibition Act (27 USCA) *held* not too broad, because of charging conspiracy to transport, possess, and sell liquor in certain county "and divers other places"; such allegation, at worst, constituting only surplusage.

**2. Criminal law ⬅168—Pendency of preliminary examination for substantive offense did not bar indictment for conspiracy.**

Pendency of preliminary examination before commissioner for substantive offense plainly presented no bar to indictment for conspiracy to violate the National Prohibition Act (27 USCA).

**3. Criminal law ⬅228—Defendant has no constitutional right to preliminary examination before indictment.**

Defendant does not have a constitutional right to preliminary examination before indictment, since district attorney may send up an indictment, without leave of court, making unnecessary any preliminary examination.

**4. Constitutional law ⚖︎257, 265—Refusal of more time and bill of particulars to defendant, arrested more than month before indictment for conspiracy, held not denial of due process.**

Where defendant, in prosecution for conspiracy to violate the National Prohibition Act (27 USCA), had been arrested for a substantive offense more than a month before the indictment, and had long understood the general nature of the charge, refusal of more time and bill of particulars for opportunity to prepare defense *held* not a denial of due process of law, in absence of satisfactory reason presented to court as to why more time was necessary, or why defendant would be prejudiced by proceeding.

**5. Jury ⚖︎150—Failure to conduct judicial inquiry to ascertain whether illness of juror withdrawn was disabling held not erroneous, in absence of request.**

Where, after jury was selected and sworn, and statements of counsel were made, court adjourned until Monday, and on reassembling an order withdrawing a juror was entered and new jury impaneled, composed of 11 of old jurors and one new juror, because of the illness of one of jurors previously selected, failure of court to conduct a judicial inquiry to ascertain whether illness was disabling *held* not erroneous, in absence of request therefor.

**6. Intoxicating liquors ⚖︎249—Defendant, not connected with building where whisky was seized, cannot complain of seizure without warrant.**

Where whisky used as evidence in prosecution for conspiracy to violate National Prohibition Act (27 USCA) was seized in a garage in possession of one defendant as lessee, other defendant, not having anything to do with such garage, cannot complain of seizure without a search warrant.

**7. Criminal law ⚖︎844(1)—General exception to charge is unavailing.**

General exception "to every line, word, and paragraph of the charge" is unavailing, and ought not to be made in a federal court.

**8. Indictment and information ⚖︎120, 167—Allegation, in indictment for conspiracy to violate Prohibition Law, that whisky was fit for beverage purposes, is surplusage, and need not be proved (27 USCA).**

Allegation, in indictment for conspiracy to violate the National Prohibition Act (27 USCA), that whisky involved was fit for beverage purposes, is surplusage, and need not be proved.

**9. Indictment and information ⚖︎176—Failure to prove conspiracy as early as date alleged in indictment held not misleading variance.**

Where indictment charged conspiracy to violate the National Prohibition Act (27 USCA), formed in 1925 and continuing until date of indictment, failure of proof to show conspiracy at such early date *held* not to constitute a variance by which defendant was misled; time alleged in indictment not being ordinarily material.

**10. Criminal law ⚖︎742(3)—Character and records of government witnesses on issue of reasonable doubt of guilt is for jury.**

Character and records of witnesses for government, as supporting an inference that their testimony left a reasonable doubt of defendant's guilt, constitute a question for jury.

**11. Criminal law ⚖︎714—Motion to dismiss jury because of assistant district attorney's statement as to similarity of witness' statements to district attorney and before grand jury held properly denied.**

Where assistant district attorney, in discussing credibility of witness, stated that testimony was same as statement made to district attorney and as testimony before grand jury, there was no error in denying motion to dismiss jury therefor, as being too drastic a remedy.

**12. Criminal law ⚖︎419, 420(10)—Evidence as to statements made by certain persons after arrest, as to being in defendant's employ, held inadmissible as hearsay in conspiracy trial.**

In prosecution for conspiracy to violate the National Prohibition Act (27 USCA), statement by certain witnesses, made after their arrest, to effect that they had been in defendant's employ, *held* inadmissible as hearsay.

**13. Criminal law ⚖︎423(3)—Reception of hearsay evidence reciting unsworn statements by conspirator is limited to things said in course of or to promote conspiracy.**

Reception of hearsay evidence, which recites unsworn statements by one conspirator, incriminating another person as a conspirator, is limited to those things which were said in the course of or to promote the carrying out of the conspiracy, and mere recitals and confessions of one who has been arrested, and which have no possible purpose or effect to promote conspiracy, cannot be received as against absent alleged conspirators.

**14. Criminal law ⚖︎1169(5)—Admitting hearsay evidence as to statements of being in defendant's employ held not reversible error, in view of subsequent change of ruling.**

Where court, after admitting hearsay evidence as to statements, made by persons after arrest, to effect that they had been in defendant's employ, thereafter changed ruling and announced that testimony given by one witness on such point must be stricken out, there was no reversible error, although court's announcement was not as broad as it should have been, because not expressly referring to or striking out other similar testimony; there being fair inference that jury would understand ruling in its broad aspect.

**15. Criminal law ⚖︎841—Omission of details by judge, intending to comply generally with requested charge, must be then called to his attention.**

When it is evident that judge intends to comply generally with requested charge, but omits some details, the omission must be called to his attention then and there.

In Error to the District Court of the United States for the Western Division of the Southern District of Ohio; Benson W. Hough, Judge.

Albert Van Dam and another were convicted of conspiracy to violate the National Prohibition Act, and defendant named brings error. Affirmed.

Joseph W. Sharts, of Dayton, Ohio, for plaintiff in error.

Harry A. Abrams, Asst. U. S. Atty., of Cincinnati, Ohio (Haveth E. Mau, U. S. Atty., of Cincinnati, Ohio, on the brief), for the United States.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

DENISON, Circuit Judge. The plaintiff in error, Van Dam, hereafter called respondent, and Ellison and Shaffer, were, on April 14, 1927, arrested and brought before a commissioner for examination, upon the charge of transporting and selling intoxicating liquor. While this examination was pending under adjournment, the grand jury indicted Van Dam and Ellison for conspiracy to violate the National Prohibition Act (27 USCA). They were both convicted. Van Dam brought this writ of error, in which Ellison did not join. Counsel say—and it is apparently a proper inference—that Ellison preferred to and did serve out his sentence.

Van Dam has numerous complaints. They have been presented forcefully enough to have specific attention; but, as to most of them, brief mention will suffice.

[1] 1. The indictment was good. Leonard v. U. S. (C. C. A. 6) 18 F.(2d) 208. The only point not covered by the Leonard Case is the claim that the indictment is too broad, in that it charges conspiracy to transport, possess, and sell liquor in Montgomery county, Ohio, "and divers other places." This was, at the worst, surplusage. There might well have been in fact a conspiracy to do these acts in Montgomery county and elsewhere, as events might determine, and the conspiracy still have been a single crime. We see no reason to doubt that a trial under this indictment would serve its full purpose to prevent a second jeopardy for the same offense. Rudner v. U. S. (C. C. A. 6) 281 F. 516.

[2, 3] 2. The pendency of the preliminary examination before the commissioner for the substantive offense plainly presented no bar to an indictment for the conspiracy, even if the offenses had been the same. Roth v. U. S. (C. C. A. 6) 294 F. 475. Plaintiff argues that there is a constitutional right to preliminary examination before indictment, and cites U. S. v. Wetmore (D. C.) 218 F. 227, and U. S. v. Jenks (D. C.) 258 F. 763. Both these cases recognize that the district attorney may "send up" an indictment, without leave of court, and that this makes unnecessary any preliminary examination.

[4] 3. Respondent claims that he was rushed into trial without opportunity to prepare his defense, upon an indictment which was very vague and general, and upon which he had been refused a bill of particulars, and that thus he was denied due process of law. We do not doubt that a sufficiently extreme case in these respects would be a deprivation of due process, and that to enforce a trial two days after the arraignment would be in some cases beyond the discretion of the trial court; but the inquiry is not important in this case. It is evident from the course of the trial that, if a bill of particulars had been given, it would have been confined to the overt acts alleged.

Although the time after indictment was short, a month had expired since the arrest for the substantive offense, so that respondents had long understood the general nature of the charge. Its formulation in a conspiracy indictment brought no surprise, since the conspiracy was inherent in the joint offense, which had been charged, as well as in the overt acts alleged. The record does not show that any satisfactory reasons were presented to the court why more time was necessary to prepare, or why Van Dam would be prejudiced by proceeding with what turned out to be a trial only for the conspiracy inherent in the overt acts charged. The motion for continuance was presented and denied on the 12th, when the case was called for trial; but, before any proof was taken, the case was, for some reason, adjourned three days. When the trial was resumed, there was no intimation from respondent that the delay, as thus received, was not satisfactory, or that he needed more time.

[5] 4. Complaint is made because, the jury having been selected and sworn, and the respective statements of counsel made on Thursday, and the case adjourned until Monday, the court, upon reassembling on Monday, entered an order withdrawing a juror, making a mistrial, and proceeded to impanel a new jury composed of 11 of the old jurors and one new one. It was directed that the opening statements of counsel should be repeated, if desired. The reason stated by the court was that one of the jurors had become

ill during the recess and could not serve. Respondent's counsel concede that a disabling illness of a juror would justify this procedure, but insist that there must be a judicial inquiry, at which the respondent could be heard, to determine the fact of such illness. For the purposes of this opinion, this insistence might be conceded; but no such suggestion was made to the trial court. The court announced the fact of this illness, as reported by the marshal. Everybody seemed to take the fact for granted. We must assume that, if it had been challenged or doubted, the court would have provided for the proper inquiry. There was no error in omitting such an inquiry, when it was not asked.

[6] 5. Part of the evidence used on the trial was a quantity of whisky seized in a garage. Counsel argue questions of the necessity of a search warrant and of participation by the federal officers in the seizure. Perhaps there was the necessary effort to raise the question before trial. All these matters are immaterial. The garage was in the possession of Ellison as lessee; Van Dam was not shown to have anything to do with it; Ellison does not appeal; and clearly Van Dam cannot be heard upon that point. Remus v. U. S. (C. C. A. 6) 291 F. 501, 511.

[7] 6. Then it is argued that the facts clearly show a case of entrapment. They do not; the evidence, if there was any, indicating entrapment was, at the best, for the jury. The charge of the court fairly presented the issue whether the officers had entrapped the respondent, or only detected him. There is no exception to the charge, except the general one "to every line, word, and paragraph of the charge," which is unavailing, and ought not to be made in a federal court.

[8] 7. It is claimed that there was no proof that the liquor was fit for beverage purposes. It was shown to be whisky. The allegation in the indictment that the whisky was fit for beverage purposes was surplusage, and need not be proved, for the reasons assumed by us in the Leonard Case, supra, at page 211, which reasons we now approve and adopt.

[9] 8. It is said that, because the indictment charged a conspiracy formed in 1925 and continuing until the date of the indictment, and because the proof failed to show any conspiracy earlier than some three months before the indictment, there was a variance by which respondent was misled in his preparation for trial. In view of the overt acts charged, it is difficult to see any misleading. The time alleged in the indictment is not ordinarily material, and there are no special reasons which make it so here.

[10] 9. We cannot consider the character and records of the witnesses for the government as supporting an inference that their testimony left a reasonable doubt of respondent's guilt. That question was for the jury.

[11] 10. On the argument to the jury the credibility of the witness Shaffer was discussed. The assistant district attorney said that Shaffer's testimony in the case was the same as the first statement he made to the district attorney, and the same as his testimony before the grand jury. Objection was made, and the court said: "The jury will not consider the statement with reference to what occurred in the grand jury." The district attorney then made a statement, which respondent's counsel considered a repetition of the objectionable one. Counsel then moved to dismiss the jury. This motion was overruled. To dismiss the jury was too drastic a remedy. The court might well have repeated and emphasized his caution. There was no error in denying this motion; and, in any event, considering the whole course of the trial, this incident was too trifling to justify reversal.

[12-15] 11. The court admitted evidence of three witnesses as to statements made by Ellison and Shaffer, immediately after their arrest, to the effect that they had been in the employ of Van Dam. Objections were made, but were overruled. This testimony should not have been admitted. The reception of that hearsay evidence, which recites unsworn statements by one conspirator incriminating another person as a conspirator, is limited to those things which were said in the course of, or to promote the carrying out of, the conspiracy. The agency of each for the other does not extend further. Mere recitals and confessions of one who has been arrested, and which have no possible purpose or effect to promote the conspiracy in any way, cannot be received as against the absent alleged conspirator. Logan v. U. S., 144 U. S. 263, 309, 12 S. Ct. 617, 36 L. Ed. 429. If this were all, the error would require reversal; but the record shows that the subject was further discussed between court and counsel, and the court changed his mind and changed his ruling. He announced that the testimony just given by the (third) witness then on the stand, as to what Ellison had said of Van Dam, must be stricken out. He said that Ellison's statements were competent as to Ellison, "but not competent to be used against Van Dam. Members of the jury will take account of the ruling of the court. In so far as that applies to the guilt or innocence of Van Dam, [it] is not before you. You will not consider it in any way."

This announcement was not as broad as it should have been, because it did not expressly refer to nor strike out the other similar testimony. We think it a fair inference from the record that the entire subject-matter had been in the mind of the court, and that he intended to strike out this class of testimony; that the matter had been argued in the presence of the jury, and that the jury would understand the ruling in its broad aspect. Under those circumstances, it was the duty of counsel to call the attention of the court to the fact that the striking out was not in terms as broad as the court must have intended; and, lacking any suggestion of that kind, counsel cannot thereafter claim error. The matter is analogous to the well-settled rule that, when it is evident the judge intends to comply generally with a requested charge, but omits some details, the omission must be called to his attention then and there. Pennsylvania R. Co. v. Minds, 250 U. S. 368, 374, 39 S. Ct. 531, 63 L. Ed. 1039.

Further, the original error in the admission brought little, if any, prejudice. Shaffer, as a witness on the trial, testified positively to the same facts which he was said to have stated after his arrest. Ellison, as a witness, denied that he had ever made any such statements, and denied their truth.

Upon the whole case, we are satisfied that, if there was any error, it was either not saved, or must be pronounced nonprejudicial, or both. The jury saw and heard Shaffer and Ellison. They believed Shaffer, and disbelieved Ellison. Van Dam did not testify. We have given respondent the benefit of many doubts, by assuming that complete objections and exceptions were made. The record produces no such impression of possible serious injustice in the result as calls upon us to relax the strict rules applicable to such reviews.

The judgment is affirmed.