## HILL v. NEW YORK CENT. R. CO.

Circuit Court of Appeals, Sixth Circuit.
October 12, 1929.

No. 5227.

David P. Bowden, of Cleveland, Ohio, for appellant.

Paul Lamb, of Cleveland, Ohio, for appellee.

Before DENISON, MOORMAN, and HICKENLOOPER, Circuit Judges.

DENISON, Circuit Judge. ▮ While employed as one of a section gang upon the railroad, Hill was hit by a train and injured. His action therefor in the court below was submitted to the jury, whose verdict was for defendant. Unless upon one theory, the case was plainly one of assumed risk and correlative lack of negligence. Aerkfetz v. Humphreys, 145 U. S. 418, 12 S. Ct. 835, 36 L. Ed. 758. That theory is that it was the usage and custom adopted by defendant, and known to Hill, for the men to remain at work on the track in spite of an approaching train, until the foreman told them to get off. Hill so testified, and before the trial he took the deposition of two fellow workmen, King and Cann, to support this theory. Upon the trial their several answers on this subject were excluded, because calling for a mere conclusion rather than for the facts tending to show the custom. In one or another form, this ruling was made seven times. Some of these rulings were plainly right; others of the excluded questions were perhaps correct in form. Their technical admissibility depends upon the particulars of each. The only error assigned thereon is that there was error "in sustaining the defendant's objections to the testimony of witnesses King and Cann and excluding the testimony of each as to the existence of a custom," etc. This assignment forms no valid basis for review. It is not only not in compliance with our Rule 11, requiring a statement of the substance of the testimony excluded—though, where it seems necessary

to prevent injustice, we overlook lack of strict compliance with this rule—but this assignment groups seven rulings, and is ineffective unless all were erroneous. Counsel cannot put upon the court the burden of selection and application under a shot gun assignment. Pa. Co. v. Whitney (C. C. A. 6) 169 F. 572, 577.

In applying these rules in this case, we have less hesitation because we gravely doubt whether the excluded testimony had any substantial tendency to show a custom upon which plaintiff could rightly rely where, as here, the moving train had been in plain sight for a mile or more, where a passing train on another track might well prevent the workmen from hearing the foreman's call, and where plaintiff apparently was trying to be and thought he was in the clear (beyond the ends of the ties).

Such other assignments as are not obviously unimportant are as to matters included in or omitted from the charge. No requests were made; no exceptions were taken; these matters are not open. Pa. R. R. v. Minds, 250 U. S. 368, 371, 39 S. Ct. 531, 63 L. Ed. 1039.

The judgment is affirmed.