## GOBSTUB v. UNITED STATES.
### No. 4897.

### Circuit Court of Appeals, Third Circuit.
### Dec. 6, 1932.

Frederic M. P. Pearse, of Newark, N. J., for appellant.

Harlan Besson, U. S. Atty., of Hoboken, N. J., and Walter B. Petry, Asst. U. S. Atty., of Trenton, N. J.

Before WOOLLEY and THOMPSON, Circuit Judges, and WELSH, District Judge.

### PER CURIAM.

The defendant was indicted for having "knowingly, unlawfully and feloniously" transported liquor and having possessed the same in violation of the National Prohibition Act, tit. 2, § 3 (27 USCA § 12). At the trial, the learned judge, after charging the jury, with a rather free hand, in respect to interest and credibility of witnesses, submitted the case, saying: "He (the defendant) undoubtedly had possession and was transporting (the liquor) unlawfully, but the question is, did he do it knowingly?"

While this language might, under other circumstances, have withdrawn from the jury the issues of possession and transportation of liquor [Crocke v. United States (C. C. A.) 57 F.(2d) 1074], it did not do so in this case, because, not only had the government proved both of these essential facts, but the defendant himself admitted them, denying, however, that he knew the merchandise was liquor. It follows that the only issue to be submitted in connection with the admitted facts was the defendant's knowledge of what he was possessing and transporting, as charged by the indictment. The appellant now says that the court submitted this issue in a way that greatly prejudiced him; yet he interposed no exception to the charge, not even a general exception such as oftentimes is abortively noted. Pennsylvania R. Co. v. Minds, 250 U. S. 368, 375, 39 S. Ct. 531, 63 L. Ed. 1039. He resorts to our rule 11, which permits us to take notice "of a plain error not assigned." Here error is assigned, but it is invalid because not based on an exception. Looking through this irregularity and coming to the charge, we do not find that it calls for voluntary action on our part under rule 11.

The judgment is affirmed.