### YELLOW CAB CO. OF PHILADELPHIA v. KELLY.

No. 4953.

Circuit Court of Appeals, Third Circuit.

Jan. 20, 1933.

M. Randall Marston and Bernard J. O'Connell, both of Philadelphia, Pa., for appellant.

Francis J. McCarthy and John V. McDonald, both of Philadelphia, Pa., for appellee.

Before WOOLLEY and THOMPSON, Circuit Judges, and WELSH, District Judge.

THOMPSON, Circuit Judge.

This is an appeal from a judgment of the District Court for the Eastern District of Pennsylvania entered upon a verdict in favor of the plaintiff. The suit was brought in trespass against the Yellow Cab Company to recover damages for its negligence in causing the death of the plaintiff's husband. At the trial the plaintiff called but one witness to the accident, Mrs. Lillian Long, whose testimony tended to show that she was driving a car at about twenty miles an hour west on Christian street; that, as she passed Fifty-Sixth street, defendant's taxicab overtook her on the left at about double her rate of speed; that she saw the decedent standing in the middle of the street at the east side of Frazer street at its intersection with Christian street; that she saw defendant's taxicab strike the decedent, both right wheels passing over his body; and that the taxicab continued about twenty-five feet before it stopped.

Frazer street leads into Christian street from the north, midway between Fifty-Sixth and Fifty-Seventh streets. The streets named are all public highways of the city of Philadelphia.

The appellant assigns as error the refusal of the trial judge to direct a verdict in its favor. It alleges that there were four witnesses for the defendant who contradicted the testimony of the sole witness to the accident for the plaintiff; that the plaintiff's witness contradicted her own testimony given before a coroner's inquest; and that therefore the testimony of the plaintiff's witness was obviously perjured. From these allegations of fact, the appellant urges us to reach a conclusion that the trial judge should have decided, as a matter of law, in the defendant's favor. In addition, the appellant urges that the trial judge should also have decided, as a matter of law, that an automobile which ran only its length and about twelve feet further after a collision with a pedestrian was not operated at undue speed. All of the issues thus raised were clearly questions of fact to be decided by the jury. The trial judge therefore committed no error in submitting these questions to the jury.

The appellant's next point is that the trial judge erred in failing to charge the jury upon the legal significance of the numerical preponderance of witnesses for the defendant. This contention was presented for the first time upon motion for a new trial. The matter was not brought to the attention of the judge during the trial, and no exception based on the inadequacy of the charge was taken. The question is therefore not properly before us for decision. Pennsylvania R. R. Co. v. Minds, 250 U. S. 368, 39 S. Ct. 531, 63 L. Ed. 1039.

The judgment is affirmed.