## DELAWARE & H. R. CORPORATION v. COTTRELL.

### No. 5124.

Circuit Court of Appeals, Third Circuit.

Feb. 14, 1934.

196

Paul Bedford, of Wilkes-Barre, Pa. (Joseph Rosch, of Albany, N. Y., and H. T. Newcomb, of New York City, of counsel), for appellant.

R. L. Levy, of Scranton, Pa., and James Stone, of Carbondale, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge.

The plaintiff had a verdict and judgment against the railroad company for personal injuries sustained at a grade crossing. The verdict established the defendant's negligence. The only questions on its appeal are:

(a) Whether the court erred in declining to hold as matter of law that the plaintiff was guilty of contributory negligence and in refusing to direct a verdict accordingly; and

(b) Whether the court erred in giving and omitting certain instructions in its charge to the jury.

The testimony both as to negligence of the defendant and contributory negligence of the plaintiff was in almost complete conflict. The parties agreed, however, that the scene of the accident was Burnwood, Pennsylvania. There the railroad company maintained three tracks: two main tracks (northbound and southbound) crossing the highway at right angles and at grade; the third, a switch-track or siding, situated westwardly of the main tracks and extending at a lower level northwardly from the highway. Commencing with the crossing, the main tracks ran northwardly, the direction from which the train approached, in a straight line on an up-grade about 120 feet and then curved westwardly and finally disappeared from sight. After agreement upon these physical facts, the conflict began.

The plaintiff, speaking for herself and through her witnesses, testified that on approaching the tracks in her automobile from the west she stopped 15 feet west of the switch-track, looked in both directions and listened. Neither seeing nor hearing the train, she put her car into low gear and started across, and "kept looking for trains." She was struck by the engine of a southbound freight train running down grade at thirty miles an hour. She said that neither bell nor whistle was sounded.

The defendant, speaking through its witnesses, testified that the whistle had blown and the bell was ringing; that the plaintiff did not stop, look and listen, nor did she keep looking for trains as she approached the track for, had she done so, she inevitably would have seen the train that struck her. In response, the plaintiff testified that her view was obstructed by buildings dotted here and there to the north and particularly by a draft of gondola cars and one box car on the switch-track. Because of the buildings and cars, she said she could not see from the point at which she had stopped more than 50 to 100 feet—something short of 120 feet —up the track. The defendant replied that the buildings were small and so situated as not to obstruct the plaintiff's view; that in

the draft of cars there was no box car and that she could see the oncoming freight train above the gondola cars; and, anyhow, at the place at which she said she stopped, she could, notwithstanding the cars on the siding, see up the track 1110 feet, her vision in that direction extended as she approached the crossing; and if she had looked she would have seen the train in time to stop.

Summarized, that was the case of contributory negligence. The applicable law of Pennsylvania is stated, on ample authority, in Baltimore & Ohio R. R. Co. v. Wood (C. C. A.) 228 F. 625, 629, to the effect that:

"The full measure of duty thus imposed by the law of Pennsylvania upon a traveler in crossing at grade the tracks of a railroad, has reference to his conduct both in approaching tracks and in crossing them. With respect to the former, it lays down a positive and unbending rule that he must stop, look and listen. With respect to the latter, while the law requires him to look and to observe the precautions which the danger of the situation requires, it nevertheless lays upon him no positive rule as to the precise conduct which, in varied situations, he must pursue. The conduct of the traveler in approaching the tracks of a railroad is determined by positive rule of law. He must stop, look and listen. His subsequent conduct in going on and passing over the tracks is determined by 'the circumstances of the particular case.' "

As to whether the plaintiff obeyed the positive rule that she should stop, look and listen, there was evidence that she did stop against evidence that she did not. The jury, finding testimony both ways, resolved the conflict in her favor. That question, being purely one of fact, was properly submitted and the verdict of the jury, the sole judges of the fact, is conclusive upon the defendant and upon this court. As to whether the plaintiff, starting afresh to cross the tracks from the place at which the jury found she had stopped and thus emerging from the positive rule laid upon her, exercised that degree of care for her own protection which, under the circumstances, the law imposed upon her, there again was evidence both ways, of which the jury were the sole judges, as they were the sole judges, in the conflict of evidence, of what exactly were the circumstances. Again they resolved the question in favor of the plaintiff. With the testimony under both rules, as to the measure of care to be exercised by a wayfarer in Pennsylvania, first when approaching railroad tracks

and next when about to cross them, in conflict, we cannot say that the learned trial judge should have taken the questions from the jury and have decided them as matters of law. They were not open to decision by anyone until the facts had been decided and, as the testimony was in sharp conflict, the facts could be validly decided only by the jury. Thus the learned trial judge very properly kept his hand off that phase of the case.

Even so, the defendant, continuing on the question of contributory negligence, says, in its brief and in its argument on appeal, that the issue of contributory negligence here was similar to that in B. & O. R. R. Co. v. Goodman, 275 U. S. 66, 48 S. Ct. 24, 72 L. Ed. 167, 56 A. L. R. 645, and the trial court erred in not applying the law of that case to this one either by deciding as matter of law or charging the jury on appropriate instructions as to whether the situation was one which called upon the plaintiff to alight from her car, proceed to the tracks, and look for approaching trains before moving across the tracks. The defendant did not by any of its points ask the trial court to charge or otherwise apply the law of the Goodman Case; nor did it note an exception to the omission of such an instruction from the charge; nor is there an assignment of error validly raising the point. An exception to a refused point such as "under all the evidence the verdict must be for the defendant" lacks the specification to bring the question within Rule 10, Section 1 of this court. Pennsylvania R. R. Co. v. Minds, 250 U. S. 368, 375, 39 S. Ct. 531, 63 L. Ed. 1039; affirming (C. C. A.) 244 F. 53. The question therefore is not before us.

Another matter complained of on this appeal—an instruction in the charge—is raised by an assignment of error which, though sufficiently specific under section 1 of Rule 10, is nevertheless invalid because not based on an exception to the charge. Although it was stated and pressed as a ground for a new trial, failure seasonably and specifically to except at the trial is fatal, unless this court is of its own motion disposed to review the error so assigned. Because of the able and very earnest argument of counsel for the defendant, we shall shortly discuss the instruction which, as quoted in the assignment, looks like error but which when examined in connection with the omitted context is, we think, not error.

The instruction complained of was a statement made in the course of the charge

198

as to a presumption of the exercise of due care by an injured person which, admittedly, exists when he is dead and suit is brought by his widow or personal representative, but which the defendant and authorities say does not exist when, as in this case, the injured person is alive and able to testify. The matter complained of is only a part of the paragraph which constitutes the whole instruction. The learned trial judge was dealing with the burden of proving negligence and contributory negligence. He gave, quite correctly, the customary charge that the burden was upon the plaintiff to prove the defendant was negligent in that it failed to give due and timely warning of the approach of the train. Continuing, he said: "But, if after the plaintiff has rested, and she has presented her case free and clear of contributory negligence, if it does not crop out during her case that she was negligent, then the defendant must prove that she was negligent by the weight of the testimony." Just here the defendant picks up and complains of the rest of the paragraph, which reads as follows: "If there was no evidence at all on the question of whether she stopped, looked and listened, the law would presume that she did, because the law presumes that every person does his duty, and so does the law presume, if no other evidence is given, that the defendant did its duty. The law presumes that the defendant gave due and timely notice and the presumption must be overcome by evidence. On the other hand the law presumes that the girl stopped, looked and listened and if no other evidence was given the law presumes that she did and if there was no evidence that she did not the defendant must prove by the weight of the testimony that she did not stop, look and listen."

In giving the offending instruction, it is plain the learned trial judge departed somewhat from the issues of the case to state an abstract legal proposition. If he was wrong, the instruction was harmless for he had already laid down the true rules of burden of proof on both issues of negligence and contributory negligence, and in the statement complained of he applied and limited the presumption in favor of the plaintiff to the entirely supposititious case: "If there was no evidence at all on the question of whether she stopped, looked and listened," and he correspondingly applied and limited the like presumption in favor of the defendant to a like supposititious case where no evidence was given. But there was evidence on both issues, produced by each party against the other. It was evidence, very positive and very distinct,

which the jury had heard and on which the learned trial judge had already, and thereafter continued, to instruct the jury in his charge. Having submitted the case on the evidence, his observations in respect to presumptions of duty done in cases where there was no evidence fell away, and, we think, if error, they were in no sense prejudicial. Anyhow, if objectionable, the defendant should have excepted after they were delivered and before the jury had retired, in order that the trial judge might withdraw, modify or clarify what he had said.

And, finally, the defendant assigns as error the court's order denying its motion for a new trial and directing the entry of judgment. Such an assignment does not cure the technical infirmities in other assignments. The granting or denying of a new trial is a matter not assignable as error and, except in a few cases not here in point, will not be reviewed on appeal. Henderson v. Moore, 5 Cranch, 11, 3 L. Ed. 22; Pittsburgh, C. & St. L. Railway Co. v. Heck, 102 U. S. 120, 26 L. Ed. 58; Ayers v. Watson, 137 U. S. 584, 11 S. Ct. 201, 34 L. Ed. 803; Pickett v. United States, 216 U. S. 456, 30 S. Ct. 265, 54 L. Ed. 566; Fairmount Glass Works v. Cub Fork Coal Company, 287 U. S. 474, 53 S. Ct. 252, 77 L. Ed. 439.

The judgment is affirmed.