## TAYLOR v. UNITED STATES.
### No. 7043.

Circuit Court of Appeals, Fifth Circuit.
June 2, 1934.

Robt. T. Ervin, Jr., of Mobile, Ala., and Hubert M. Hall, of Bay Minette, Ala., for appellant.

Alex C. Birch, U. S. Atty., and J. E. Meredith, Asst. U. S. Atty., both of Mobile, Ala., and Randolph C. Shaw, Sp. Asst. to Atty. Gen., for the United States.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

Appellant brought suit on a policy of war risk insurance issued to him while a soldier in the service of the United States. He was granted an honorable discharge in January, 1919. Premiums were paid to include that month but none were paid thereafter. Suit was filed in April, 1932. The complaint alleged injuries received while in service in France and total permanent disability resulting therefrom, maturing the policy while it was in force. The case was tried to a jury and resulted in a verdict for defendant.

Appellant assigns error to the admission of certain evidence over objections. It appears from the record that appellant testified that he had been engaged in farming, cutting ties, and doing general laboring work before he was inducted into the Army; that after his discharge he went back to his home in Bay Minette, Ala., and tried farming but he would get stiff and sore and could not do the work; that he then was given vocational

training to be a motor mechanic but could not do the heavy work; that he was then given project training on his farm in the raising of chickens; that he made repeated efforts to carry on work but each time had been compelled to quit. On cross-examination he testified that he tried to farm as much as he could. He was then asked how he had made a living and if he had made a living at farm-ing. He answered that he could not get along at farming without the money the Veterans' Administration gave him. Subsequent cross-examination developed the amounts he had received. Objection was urged to practically all of the cross-examination of the witness and the assignment of error runs to the ad-mission of all the evidence tending to show he had received compensation without at-tempting to separate the various questions and answers.

In Blair v. U. S., 47 F.(2d) 109 (Eighth Circuit), it was held that evidence to the effect that the soldier had received vocational training at the expense of the government, with training pay for some of the months, was admissible as tending to show that tak-ing vocational training was inconsistent with total and permanent disability. In Chrisman v. U. S., 61 F.(2d) 673 (Ninth Circuit), it was held that the admission of evidence, elicit-ed on cross-examination, showing that the soldier had received compensation from the Veterans' Bureau was prejudicial error. However, the court expressed itself as agree-ing with the ruling in Blair v. U. S., supra. There are other cases in which the question has been discussed, without a definite ruling on the question of admissibility. We do not criticize the conclusions reached in either of the above-cited cases. The issue before the jury was whether the soldier had become to-tally and permanently disabled within the life of the policy with the burden on plaintiff to show that he could not continuously follow any gainful occupation. Evidence merely tending to show that he had received compen-sation from the Veterans' Bureau would therefore be irrelevant and might be preju-dicial, depending upon the other facts in the case. On the other hand, while the soldier would not be bound, in a suit to recover on a contract of insurance, by any ruling of the Veterans' Bureau regarding his total disabil-ity, the fact that he had received vocational training or had been granted compensation for less than total disability, on his own ap-plication, might be relevant as tending to re-but evidence tending to show total and perma-nent disability. No hard and fast rule ap-plies to the admissibility of such evidence.

On the record before us it is clear that the admission of any part of the evidence that might have been excluded as irrelevant was not prejudicial. It tended to show that with-out payment of compensation appellant was unable to earn a living on his farm, which was the only work he seemed fitted to perform. On the contrary, it was beneficial. Rever-sible error is not made to appear by this as-signment.

Appellant assigns error to the sus-taining of an objection to the following ques-tion asked Henry Conway, a lay witness, "In your opinion, Mr. Taylor here, is he physical-ly able to carry on farm work?" The wit-ness, Conway, had testified he lived about a mile from appellant; that he had been doing farm work all his life and that he had known appellant, Taylor, all his life; that he re-membered when he came back from across seas; that he saw him and he seemed to be kind of stove up; and that he was not that way before he went across. This was in sub-stance all of his material testimony.

While a lay witness may be permitted to give his opinion, when he has previously stat-ed facts showing a sound and substantial bas-is therefor, the admission or exclusion of the opinion is within the sound discretion of the trial judge and his decision is conclusive, un-less clearly erroneous as a matter of law. In-land & Sea-Board Coasting Co. v. Tolson, 139 U. S. 551, 11 S. Ct. 653, 35 L. Ed. 270. There is nothing in the record to show that Con-way had knowledge of any facts upon which to base the opinion asked. No abuse of dis-cretion is shown and it was not error to sus-tain the objection to the question.

Appellant assigns error to the giving of the following special charge at the re-quest of defendant:

"I charge you that if you believe, from the evidence in this case, that the plaintiff was able reasonably to perform the duties of any substantially gainful occupation for a period of a year, or for any longer period, commencing immediately after March 3, 1919, then he would not have been permanently and totally disabled as defined in the contract of insurance during such period or periods of time, and you must find for the defendant."

Standing alone the charge is objectionable as not fully and clearly stating the law. The general charge of the court is not found in the record, but various special charges requested by both sides and either given or refused are shown. It appears from the special charges given that the judge correctly charged the law governing the case. It is doubtful that

the charge quoted would have tended to confuse the jury. But the assignment of error is without effect in any event as the bill of exceptions fails to show any objection or exception to the general charge or to the action of the court in dealing with the special requests. It is well settled by a long line of decisions that before error can be sustained to any part of the charge given it must be excepted to and the attention of the judge called to the precise point as to which it is supposed he has erred. The sound reason for this is to enable the judge to reconsider the part of the charge objected to and correct it, if in his judgment it would be proper to do so. Beaver v. Taylor, 93 U. S. 46–54, 23 L. Ed. 797; Pennsylvania R. R. Co. v. Minds, 250 U. S. 368–375, 39 S. Ct. 531, 63 L. Ed. 1039. There is slight doubt that if the attention of the trial court had been called to the objectionable charge, he would have modified it to harmonize with the other charges given. Reversible error does not appear by this assignment.

There are other errors assigned but they are not pressed. The record presents no reversible error.

Affirmed.