## MILL OWNERS MUT. FIRE INS. CO. v. KELLY et al.

### No. 12748.

Circuit Court of Appeals, Eighth Circuit.

April 7, 1944.

764

John W. Hudson, of Kansas City, Mo. (S. L. Trusty, of Kansas City, Mo., on the brief), for appellant.

Walter J. Gresham, of Parkville, Mo., for appellees Joseph G. and Elizabeth Kelly.

James Daleo, of Kansas City, Mo., for appellee Tony Fatell.

Before SANBORN, THOMAS, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

The appellant, plaintiff in the District Court, seeks a reversal of a judgment for the defendants (appellees) on the grounds that the court erred in directing a verdict for the defendant Tony Fatell (whose true name is shown by the record to be George W. Fatall) and erred in its instructions to the jury.

The action is one to recover $36,852.14, the amount of a fire loss sustained by the Consumers Cooperative Association on October 31, 1942. The Association was a tenant of the defendants Kelly, and had a large stock of merchandise stored in a building belonging to them in North Kansas City, Missouri. On the evening of October 31, 1942, a fire occurred in the building. The plaintiff and four other fire insurance companies had insured the merchandise of the Association against loss by fire, and they paid the Association $36,852.14, the amount of its fire loss, and became subrogated to its rights. The plaintiff took assignments from the other fire insurance companies of their rights, and brought this action against the defendants upon the claim that the fire was caused by their negligence in erecting, maintaining and operating a coal stove and stovepipe connections in a room in the building, which room was leased from the defendants Kelly by the defendant Fatell. The defendants denied that they were negligent and denied that the fire was caused by the stove or the stovepipes. The case was tried to a jury. At the close of the evidence, each defendant moved for a directed verdict. The court directed a verdict for the defendant Fatell. The jury returned a verdict in favor of the defendants Kelly. Judgment was entered on the verdicts, and this appeal followed.

It seems advisable first to determine which of the alleged errors of the trial court are subject to review by this court. The "Statement of Points to be Relied Upon" in the appellant's brief reads as follows:

"A. The court erred in sustaining the demurrer [motion for a directed verdict] of defendant Tony Fatall (R. 214).

"B. The court erred in its charge or instructions to the jury in giving what it termed to be the 5th, 6th and 6A instructions (R. 217, 218, 219).

"C. The court further erred in its supplemental charge or instructions to the jury on June 17, 1943, at 11:40 a.m. (R. 224).

"D. The court erred in not instructing the jury that the defendants were under a duty imposed by law to comply with the statutes and the ordinances and that the violation of that duty resulting in an injury to plaintiff would be negligence as a matter of law.

"E. The court further erred in its supplemental charge or instructions to the jury on June 17, 1943, at 3:05 p.m. (R. 227).

"F. The court erred in overruling plaintiff's motion for a new trial.

"G. The verdict of the jury is contrary to the law and the evidence and against the weight of the evidence.

"H. The verdict of the jury was predicated on and the result of erroneous instructions and directions given by the court to the jury."

■ The last three points present nothing for review. Under the Federal practice, a motion for a new trial, such as that made by the plaintiff, is addressed to the discretion of the trial court, and its action thereon is not reviewable. Elzig v. Gudwangen, 8 Cir., 91 F.2d 434, 436, and cases cited; United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 247, 248, 60 S.Ct. 811, 84 L. Ed. 1129. Points "G" and "H" are too general to bring up any question for review, since they challenge no specific action or ruling of the trial court. Ayers v. United States, 8 Cir., 58 F.2d 607, 608; State of Minnesota v. United States, 8 Cir., 125 F.2d 636, 638; Humphreys Gold Corporation v. Lewis, 9 Cir., 90 F.2d 896, 898, 899.

■ The Fourth subdivision of Rule 11(b) of the Rules of this court, requiring that a brief shall contain a particular statement of each point relied upon, provides:

"If an error assigned or point relied upon relates to the giving of instructions or the refusal to give instructions requested, the statement shall quote the portions of the instructions or of the requested instructions which are referred to, the exceptions taken to the giving of the instructions or the refusal to give requested instructions and the rulings of the court thereon, and shall give the pages of the printed record on which the quotations appear."

It is apparent that in its statement of points relating to the giving or the failure to give instructions, the appellant has not complied with this rule in that it has not quoted the instructions referred to, the exceptions taken, and the rulings of the court thereon. A statement of points which conforms to the rule enables this court to determine, without searching the record or the body of the brief, which of the instructions complained of, if any, are subject to review upon appeal. We think that the rule is reasonable and fair and that substantial compliance with it should be insisted upon. A statement of points relied upon which is violative of the rule presents no question which this Court is required to review. Butler v. United States, 8 Cir., 108 F.2d 27, 28.

■ We have, nevertheless, examined the instructions challenged by the plaintiff, and find that no adequate objections or exceptions were made or taken by it to any of them. Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that "no party may assign as error the giving or the failure to give an instruction unless he objects thereto * * *, stating distinctly the matter to which he objects and the grounds of his objection." This rule has the force of law and is, in substance, the rule which has always prevailed in the Federal courts. In Hall v. Ætna Life Insurance Co., 8 Cir., 85 F.2d 447, 450, this Court said: "The general rule is that alleged error in instructing a jury, either in the giving of erroneous instructions or refusing to give requested instructions, will not be reviewed in the absence of specific exceptions pointing out wherein the instructions given are erroneous." The Supreme Court of the United States, in Pennsylvania R. Co. v. Minds, 250 U.S. 368, 375, 39 S.Ct. 531, 533, 63 L.Ed. 1039, said: "Parties may not rest content with the procedure of a trial, saving general exceptions to be made the basis of error proceedings, when they might have had all they were entitled to by the action of the trial court had its attention been seasonably called to the matter." In Palmer v. Hoffman, 318 U.S. 109, 119, 63 S.Ct. 477, 483, 87 L.Ed. 645, 144 A.L.R. 719, the Supreme Court said: "In fairness to the trial court and to the parties, objections to a charge must be sufficiently specific to bring

into focus the precise nature of the alleged error. Where a party might have obtained the correct charge by specifically calling the attention of the trial court to the error and where part of the charge was correct, he may not through a general exception obtain a new trial."

The plaintiff made no written requests for instructions, and the only objection, exception or request relating to any portion of the court's charge was:

"Now, as to this part about somebody going in after the fire—I mean after Mr. Fatall says he left, I would like to take exception to that and ask your Honor to charge that if, through arrangements of Kelly, Fatall and his boys had access and that was the only way they had access through there, that Mr. Kelly and his wife would be responsible for that, if they find some outsider, other than these people, came in."

In response to this, the court gave this additional instruction:

"Well, gentlemen, what I meant to say and what I did think I said was: if someone started a fire in that property after seven-thirty, someone not connected at all, either with the defendants Kelly or the defendant Fatall, then your verdict must be for the defendants."

To this further instruction, no exception was taken. After the case was submitted, the jury returned twice for additional instructions. On the first of these occasions, no exception to the additional instructions of the court was taken, and, on the second occasion, counsel for the plaintiff, at the close of the court's remarks, said, "Save my exception to the Court's instruction."

Even if the plaintiff was entitled to have its case submitted to the jury upon a theory more favorable to it than that embodied in the court's instructions, there could be no reversal of the judgment, since the plaintiff failed to present adequately to the trial court, either by requests for instructions or by objections to the instructions given, the theory which it now contends was the correct one.[1]

The plaintiff asserts that the District Court erred in directing a verdict for the defendant Fatell. The court, in directing the verdict said:

"* * * The negligence charged was in connection with equipping the building in question with the stove in question and the stovepipe attached to it and in operating and in maintaining the stove so equipped after the building had been equipped with it, but the evidence which the plaintiff has offered is that the defendant Fatall had nothing whatever to do with the stove. He did not put the stove in. He did not connect the stovepipe. He did not put the fire in the stove. The evidence which the plaintiff has offered is that he did not touch the stove. He had nothing whatever to do with it. Of course, we could not hold the defendant Fatall in the case upon the mere suspicion that perhaps during the day he fired the stove and that he left the draft open, that he opened the draft or had anything to do with the draft. There must be evidence that justifies the submission of an issue, something more than mere suspicion."

The plaintiff argues that the evidence conclusively showed that the stove and stovepipe were set up in violation of an ordinance of the city of North Kansas City which required: (1) that a permit be obtained for the building, enlargement or alteration of a "wall, structure, building or part thereof"; (2) that "no smokepipe shall be within 18" of any woodwork, or any wooden lath and plaster partition, or ceiling," and that, "Where smokepipes pass thru a wooden lath and plaster partition they shall be guarded by galvanized iron ventilating thimbles at least 12" larger in diameter than the pipes * * *"; and (3) that "All chimneys, flues, or fireplaces hereafter built or rebuilt in any building * * * shall conform to the provisions of this ordinance." In its brief the plaintiff states:

---

[1] We have not overlooked the stipulation printed in the appellant's brief, which reads as follows:

"It is hereby stipulated by and between the parties hereto by their respective counsel that all objections to testimony and rulings on pleadings or to instructions given or refused, with the exception of those noted in the Transcript of Record, were deleted from the said record by agreement of counsel and with the further agreement that the technicality of want of objection or exception and the reason therefor will not be raised in or considered by the Court of Appeals, or otherwise."

Our jurisdiction to review instructions which were not objected to cannot, of course, be enlarged by stipulation. We understand, and must assume, that the printed record is complete and accurate with respect to objections and exceptions taken to the instructions of the court.

"Defendant Kelly admitted that he violated each and every one of the above sections of the ordinance in that he constructed the flue without securing a permit from the municipal authorities of North Kansas City, and that the stovepipe was erected and maintained while fire was in the stove within a distance of less than eighteen inches of the woodwork, girders, joists and partitions of said building. Defendant Fatall, as his tenant, admitted that he maintained and used the stove while the stovepipe did not have a ventilating thimble around it, as required by said ordinance. In so doing, Fatall was negligent as a matter of law."

While this is an overstatement of the admissions of the defendants Kelly and Fatall, we shall assume, for the purpose of this opinion, that the stovepipe and the flue with which it was connected were erected in violation of the ordinance and that whoever erected and maintained them was therefore negligent as a matter of law.

The gist of the plaintiff's complaint is that the defendants were jointly and concurrently negligent in that they constructed, maintained, and operated this heating equipment in violation of the ordinance of North Kansas City, knowing that it would be likely to cause the building to catch fire, and that, by reason of such negligence, the merchandise of the Consumers Cooperative Association was destroyed.

The plaintiff's evidence, however, showed that Fatell paid the defendants Kelly $10 additional rent per month for furnishing coal and keeping a fire in the stove; that the stove belonged to the defendant Joseph G. Kelly and that he installed it and put up the stovepipe connecting it with a flue which was outside of Fatell's room; that Kelly fed the stove and attended to it; that Fatell and his associates occasionally burned scrap paper in the stove; that on the day that the fire loss occurred Fatell put nothing in the stove and did not touch it, and left the building about 7:30 P.M., some two hours before the building was discovered to be on fire. There was evidence which would have justified a finding that at some time after Fatell left the building and before the fire was discovered, someone had put coal in the stove and had probably left the draft open, but there was no evidence that Fatell or anyone connected with him had done so.

Summarizing the plaintiff's evidence, it showed that Fatell had arranged with the defendant Joseph G. Kelly for the heating of the room and had acquiesced in the use of the stove by Kelly as a means for furnishing the necessary heat, but that Fatell had no other relation to the maintenance, operation, or use of the stove, and had not installed it. It was not shown that Fatell knew that the stove and stovepipe had been set up by Kelly in violation of an ordinance or knew that they constituted a fire hazard.

The claim pleaded was that Fatell and his codefendants had negligently installed, maintained and operated the stove and stove connections. The proof was that Fatell had had no part in installing, maintaining, or operating them. We think that the trial court did not err in concluding that, under the evidence, Fatell was too distantly related to the installation, maintenance, and operation of the stove and the stovepipe to make the question of his liability for the consequences of the fire which occurred a question for the jury.

The judgment appealed from is affirmed.