30 F.3d 136
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James P. RUFOLO, Plaintiff-Appellee,
v.
MIDWEST MARINE CONTRACTOR, INCORPORATED, Defendant-Counter
Plaintiff-Appellant,
and
Service Welding & Shipbuilding, Incorporated,
Defendant-Counter Defendant-Appellee.
 No. 92-1593.
 United States Court of Appeals, Seventh Circuit.
 June 23, 1994.
 
 1
 Before CUMMINGS and MANION, Circuit Judges, and GARNETT THOMAS EISELE, District Judge.*
 
 ORDER
 
 2
 On April 25, 1994, a petition for writ of certiorari was granted. The Supreme Court vacated our judgment and remanded the case to us to consider in light of McDermott, Inc. v. AmClyde, 511 U.S. ---- (1994), and Boca Grande Club, Inc. v. Florida Power & Light Company, Inc., 511 U.S. ---- (1994).
 
 
 3
 In the Rufolo case the majority opinion applied the settlement bar contribution system whereas the Supreme Court has adopted the "proportionate share" rule that obviates the need for contribution actions.[1] Therefore this case is hereby remanded to the district court to apply the proportionate share rule as set out by the Supreme Court.
 
 
 4
 EISELE, Senior District Judge, dissenting.
 
 
 5
 The United States Supreme Court has now adopted the proportionate share rule which is consistent with the position I urged in my original concurring opinion. However, I concurred in that opinion for an entirely different reason. I quote the pertinent paragraphs from that concurring opinion:
 
 
 6
 The majority states: "Last year in Matter of Oil Spill by the Amoco Cadiz, 954 F.2d 1279 (7th Cir.1992), we were able to avoid deciding under federal maritime law what effect the settlement of one defendant has on another. Able to escape this question no longer, we opt for a settlement-bar rule." I disagree. We could, and should, "escape" the contribution rule question by deciding the case on a narrow issue.
 
 
 7
 Midwest Marine has waived any objection concerning whether its liability exceeds its proportionate share of fault by failing to submit proper jury instructions. Rule 51 states in part: "No party may assign as error the giving or failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection." This has always been the rule in federal courts. Mill Owners Mutual Fire Insurance Co. v. Kelley, 141 F.2d 763, 765 (8th Cir.1944). Further, when dismissing Midwest Marine's Cross-complaint for Contribution, the trial court stated:
 
 
 8
 This does not in my judgment, leave [Midwest Marine] holding the bag either, because at trial you are entitled to have your liability, according to the cases, limited to your proportional fault. And I suppose that you take care of that by way of instruction to the jury at trial.
 
 
 9
 (T. of 11-1-91, P. 7). Yet, despite Rule 51 and the trial court's admonitions, Midwest Marine did not submit a jury instruction or jury verdict form that would have directed the jury to apportion fault between it and Service Welding. In fact the jury verdict and special interrogatories form proposed by Midwest was submitted to the jury. The form does not provide for any allocation of fault to Service Welding. Indeed, it calls only for the apportionment of fault between the plaintiff, Rufolo and Midwest and makes it clear that the total of those percentages must equal 100%. Midwest argues, and the majority agrees, that for Midwest to submit an instruction limiting its liability to its proportionate fault or calling upon the jury to apportion fault between it and Service Welding would have been to invite error on the theory that "claim reduction is not the law of this circuit and could not be" under Amoco. See footnote 1 to majority opinion. But I disagree that claim reduction cannot be the law of the circuit. Indeed, in the discussion below I strongly urge the adoption of the claim reduction rule by this Circuit. Believing that Midwest has waived this issue, I concur in the result reached by the majority.
 
 
 10
 For the above reasons I would not remand the case to the district court but would affirm the lower court.
 
 
 
 *
 The Honorable Garnett Thomas Eisele of the Eastern District of Arkansas is sitting by designation
 
 
 [1]
 The dissent argues that Midwest Marine "waived any objection concerning whether its liability exceeds its proportionate share of fault...." However, for the reasons expressed in this Court's initial opinion, Rufolo v. Midwest Marine Contractors, Inc., 6 F.3d 448, 449 n. 1 (7th Cir.1993), we believe that this issue was not waived